## Case No. 12,455.

### In re SCHICK.

[2 Ben. 5;[1] Bankr. Reg. Supp. 38; 1 N. B. R. 177; 6 Int. Rev. Rec. 183; 1 Am. Law T. Rep. Bankr. 28.]

District Court, S. D. New York. Nov. 1867.

BANKRUPTCY—ACT OF—FICTITIOUS JUDGMENT.

1. Where a debtor, before the passage of the bankruptcy act [of 1867 (14 Stat. 517)], procured a fictitious judgment to be entered in a state court against himself, to enable him to coerce creditors who were pressing him, and, after the passage of the act, took no steps to have it set aside. and in October, 1867, the debtor being then insolvent. execution was issued on it to a sheriff, who levied on what was substantially all the property of the debtor: Held, that the inaction of the debtor. in taking no steps to set aside the fictitious judgment, and to prevent execution being issued on it, was a procuring or suffering by him of his property to be taken on legal process.

[Cited in Re Dunkle, Case No. 4,160.]

2. The transaction was, in effect, within the provisions of section thirty-nine of the bankruptcy act, a transfer of the debtor's property, with intent to delay, hinder and defraud his creditors.

[Cited in Re Marter, Case No. 9,143; Re Pitts, 8 Fed. 264; Balfour v. Wheeler, 15 Fed. 234.]

3. The debtor, therefore, must be adjudicated a bankrupt; but there was nothing in the adjudication to preclude the judgment creditor from asserting his rights, and maintaining the integrity of the judgment, if he could.

[In the matter of Julius Schick, an involuntary bankrupt.]

BLATCHFORD, District Judge. The debtor, having denied the acts of bankruptcy set forth in the petition. evidence has been taken orally before the court, on the part of the petitioners and the debtor. The only act of bankruptcy set forth in the petition, which it is important to consider, is that arising out of the judgment obtained by Raphael I. Cowen against the debtor, on the 16th of February. 1867, for $2,005.51, in the supreme court of New York, for the city and county of New York. On that judgment an execution was issued, soon after the judgment was recovered, but it was almost immediately countermanded by Cowen, and nothing further was done in regard to the judgment until the 18th of October, 1867, when a second execution was issued upon it to the sheriff of the city and county of New York, under which

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the sheriff has levied upon the stock of cloths and clothing contained in the debtor's store, in the Third avenue, in the city of New York, and now holds the same. The property so levied upon is substantially all the property which the debtor has. It is alleged, on the part of the petitioning creditors, that this judgment is wholly fictitious and fraudulent, and that the debtor did not owe Cowen anything, and that the judgment was procured by the debtor to be recovered for the purpose of covering up his property from liability to be seized by his creditors. The portions of section 39 of the bankruptcy act, under which it is sought to have the debtor adjudged a bankrupt in this case, are the provisions, that any person residing within the jurisdiction of the United States, and owing debts provable under the act, exceeding the amount of three hundred dollars, who, after the passage of the act, being insolvent, shall procure or suffer his property to be taken on legal process, with the intent, by such disposition of his property, to defeat or delay the operation of the act, and any such person who shall make any transfer of his property, with intent to delay, hinder, or defraud his creditors, shall be deemed to have committed an act of bankruptcy, and, subject to the conditions thereinafter prescribed, shall be adjudged a bankrupt, on the petition of one or more of his creditors, the aggregate of whose debts provable under the act amount to at least two hundred and fifty dollars; provided such petition is brought within six months after the act of bankruptcy shall have been committed.

I am satisfied, from the evidence, that the debtor was insolvent when the execution was issued, on the 18th of October, 1867, on the judgment recovered by Cowen, and when the property of the debtor was taken by the sheriff on such execution. All the minor conditions required by the provisions cited exist in regard to the debtor. The only disputed question is as to the bona fides of the judgment. In regard to that, I am compelled to come to the conclusion, that the judgment was wholly fictitious, and was a device set on foot by the debtor to enable him to coerce creditors of his, who were pressing him at the time, to make favorable arrangements with him and give him time, and that he did not owe Cowen anything at the time the judgment was recovered. Although the debtor and Cowen both of them swear to the bona fides of the debt to Cowen, and of the judgment, yet it is proved, by four separate and credible witnesses, that, on as many different occasions, the debtor declared to each of them, in substance, that the judgment was a fiction, and was procured to protect his property, and that he owed Cowen nothing. The debtor, although examined as a witness, did not deny having so stated to them, nor did he attempt to give any explanation in regard to such statements. Moreover, there are many surrounding and collateral circumstan-

ces in the evidence pointing in the same direction. Although the bankruptcy act had not been passed when the judgment was recovered, yet it was in force when the property of the debtor was taken on the execution, and the inaction or non-action of the debtor, in taking no steps to set aside the fictitious judgment, and prevent a second execution from being issued on it, must be held to have been, under the circumstances, a procuring or suffering by him of his property to be taken on legal process. The consequence of the taking of such property on the execution must be held to involve a probable defeat or delay of the operation of the bankruptcy act, and the debtor must be held to have intended such consequence, by procuring or suffering his property to be so taken. I think, also, that the transaction was, in substance and effect, within the provisions of section thirty-nine, a transfer of the property of the debtor, made by him, and so made with intent to delay, hinder and defraud his creditors.

It follows, that the debtor must be adjudged a bankrupt. This proceeding, however, is, so far, one merely between the petitioning creditors and the debtor. Cowen is no party to it, although examined as a witness for the debtor; and, in the further progress of the matter, if the assignee of the debtor, to be appointed, should institute proceedings to realize, for the benefit of the debtor's estate in bankruptcy, the property levied on by the sheriff under the execution, Cowen will have a full opportunity to assert his rights, and maintain, if he can, the integrity of the judgment; and there is nothing in this adjudication to preclude him from doing so.