## Case No. 6,814.

### HUBBARD et al. v. ALLAIRE WORKS.

[7 Blatchf. 284;[1] 4 N. B. R. 623.]

Circuit Court, S. D. New York. June 8, 1870.

BANKRUPTCY—ASSIGNEE—RECOVERING BACK MONEY—PREFERENCE.

1. Sections 35 and 39 of the bankrupt act of March 2, 1867 [14 Stat. 534, 536], must be construed together, and an assignee is not entitled to any greater rights in respect to recovering back money or other property under the 39th section than he is entitled to under the 35th section.

[Cited in Collins v. Gray, Case No. 3,013; Re Pitts. 8 Fed. 265.]

[Cited in Tyler v. Brock, 68 N. Y. 423.]

2. Where he seeks to recover back money paid with a view to give a preference to a creditor, he must show, in order to entitle himself to recover, that the preference was given within four months before the filing of the petition in bankruptcy.

[Cited in Re Bousfield & Poole Manuf'g Co., Case No. 1,703.]

This was a bill in equity, praying that a judgment rendered in favor of the defendants against the bankrupts [Robert J. Hubbard and Andrew J. Hennion], and all proceedings thereunder, including an execution issued thereon, and a sale of property of the bankrupts on such execution, might be decreed to be null and void, and that the defendants might be required to account for and pay over to the plaintiffs, as assignees of the bankrupts, such sums of money as they had received by virtue of the judgment and the proceedings thereunder. The defendants had a claim against the bankrupts amounting to four thousand six hundred and fifty-four dollars and forty-four cents, with interest from October 18th, 1867. On the 28th of October, 1867, the defendants commenced an action against the bankrupts in the superior court of the city of New York, to recover the said claim. The bankrupts, in pursuance of an agreement to that effect made by them with the defendants, appeared in the suit by attorney, and, without availing themselves of the twenty days delay allowed by law, consented in writing to the entry of a judgment in the suit in favor of the defendants, by serving on the defendants, on the 31st of October, 1867, an offer in writing to allow judgment to be taken for said sum. On the 1st of November, 1867, the offer was accepted by the defendants, and, on the 2d of November, 1867, a judgment was entered and docketed in said court, in favor of the defend-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ants against the bankrupts, for four thousand six hundred and eighty-six dollars and sixty cents, being the amount of said claim and interest and costs of suit. On the same day an execution was issued on the judgment to the sheriff of the city and county of New York. Under that execution and other executions, the sheriff seized certain personal property of the bankrupts, and, on the 14th of March, 1868, sold it and realized for it a sum, out of which the amount of the judgment, with interest from Nov. 2d, 1867, namely, four thousand eight hundred and six dollars and ninety-four cents, was paid to the defendants. The claim on which the judgment was recovered, was one which existed on the 18th of October, 1867. On the allegations in the bill, the bankrupts, at the time of the confession of judgment and of the entry thereof, were insolvent, and the officers of the defendants, they being a corporation, had reasonable cause to believe that the bankrupts were so insolvent, and that the transaction was one in fraud of the provisions of the bankruptcy act. On the 27th of March, 1868, a petition in involuntary bankruptcy was filed, in the district court of the United States for this district, against the bankrupts. On the 17th of April, 1868, they were adjudged bankrupts, and the plaintiffs were afterwards duly chosen to be their assignees. The case now came before the court on a plea put in by the defendants to the bill. The plea did not aver when the property of the bankrupts was seized on the execution, nor did the bill aver when it was so seized. But the plea averred that the execution was levied on the property more than four months before the filing of the petition in bankruptcy. The plea pleaded in bar of the bill the fact that the judgment was entered and execution thereon was issued, and the levy thereunder complained of in the bill was made more than four months before the filing of said petition, and that no part of the property of the bankrupts mentioned in the bill was attached, sequestered, or seized on execution under or by virtue of the judgment, within four months before the filing of the said petition. The plaintiffs did not take issue on the plea, but demurred to it, and the question whether the plea should be held good and allowed, was argued.

James Emott and John McDonald, for plaintiffs.

Charles A. Rapallo, for defendants.

BLATCHFORD, District Judge (after stating the facts as above). The question involved in this case is, whether the plaintiffs can recover, in view of the fact that the property in question was not seized on execution within four months before the filing of the petition in bankruptcy against

the bankrupts, although it was so seized within six months before such filing. My attention has not been called to any adjudication in which the point appears to have challenged attention. The case of Graham v. Stark [Case No. 5,676], is, in its facts, an authority in favor of the plaintiffs. The preference to the creditor, in that case, was given within six months before the filing of the petition in bankruptcy, although not within four months, and the preference was set aside on proceedings taken by the assignee in bankruptcy. But the point as to the four months' limitation is not adverted to by the court in its decision, nor does it appear that it was taken by counsel.

I have always regarded it as clear that sections 35 and 39 of the bankruptcy act must be construed together and made to harmonize, and effect be given to evèry provision in each of them. In this view, and on a consideration of the entire statute, I do not think that an assignee is entitled to any greater rights in respect to recovering back money or other property under the 39th section than he is entitled to under the 35th. Under the 35th section, some effect must be given to the four months' limitation therein prescribed. The second branch of that section, which concerns the six months' limitation, does, in terms, include the transaction in question in this case; and, if there were no such provision in the statute as that found in the first branch of the 35th section, the plaintiffs' right to judgment on the plea, would be clear. But the two branches of the 35th section must be construed together, and a scope of operation given to each of them, if possible. If the second branch, with its six months' limitation, is to be held to cover every case, as well that of a preference to a creditor, as all other cases, the first branch is useless, and might as well have been omitted. But the first branch, which is the partial clause, precedes the second branch, which is the general clause. The first branch provides for the case of a transaction done with a view to give a preference to a creditor or person having a claim against a debtor, or who is under any liability for him. In such case, if the transaction takes place within four months before the filing of the petition in bankruptcy, and the other circumstances specified exist, the transaction is made void. The second branch must be held to be intended to provide for any disposition of property that is not provided for by the first branch, that is, for any disposition that does not give sucn a preference as the first branch provides for. But, whenever a case falls within the first branch, it must, although it may also be in terms within the second branch, be tested as to its validity and as to the limitation of time prescribed, exclusively by the provisions of the first branch.

It results, from these views, that the plea must be allowed, and the bill be dismissed, with costs.