## In re PITTS, Bankrupt.

### District Court, S. D. New York. June 24, 1881.)

1. BANKRUPTCY — INDIRECT TRANSFERS — REV. ST. § 5110, SUBD. 9 — REV. ST. § 5129—DISCHARGE.

Upon his own petition, P. was adjudged a bankrupt. The specifications in opposition to his discharge state, in substance, that, within six months previous to the filing of his petition, he suffered a judgment to be obtained against him by default, in favor of his brother, upon a pretended claim for borrowed money; that upon execution on this judgment all of the bankrupt's property was sold and the proceeds applied on this judgment; that the bankrupt was not indebted to his brother in any sum whatever; and that the judgment and execution were fraudulent and collusive, and for the purpose of preventing the property seized from coming to the hands of the assignee and being distributed among his creditors. *Held:*

(1) The case falls under subdivision 9 of section 5110 of the Revised Statutes, as an "indirect" transfer, made in contemplation of bankruptcy, to prevent the property from coming into the hands of the assignee.

(2) The bankrupt is entitled to no shorter period of limitation than the six months prescribed by section 5129 of the Revised Statutes in analogous cases.

2, REV. ST. § 5110, SUBD. 9, CONSTRUED.

By the words "indirect" transfer, the framers of the statute intended to include every device of the bankrupt by which the same purpose and effect are accomplished as by a direct transfer.

In Bankruptcy. Demurrer to specifications in opposition to bankrupt's discharge.

*Carroll Whittaker*, for bankrupt.

*Wm. H. Sloan*, for creditors.

BROWN, D. J. Proceedings in bankruptcy were commenced in this case upon the bankrupt's own petition, filed July 27, 1878, and the adjudication was made on the 29th of that month. The specifications in opposition to his discharge state, in substance, that on January 30, 1878, (one copy, by a clerical mistake, says 1876,) *i.e.*, within six months of the commencement of the proceedings, the bankrupt suffered a judgment to be obtained against him by default, in the supreme court of this state, in favor of his brother Henry, for $6,246.77, upon a pretended claim for borrowed money; that upon execution on this judgment all the bankrupt's property, consisting

mainly of goods sold to him by the objecting creditors upon a long credit in the winter of 1878, were sold, and the proceeds, $5,074.77, applied on said judgment; that the bankrupt was not indebted to his brother Henry in any sum whatever; and that the judgment and execution were fraudulent and collusive, and for the purpose of preventing the property seized from coming to the hands of the assignee and being distributed among his creditors.

In behalf of the bankrupt it is claimed that such a transaction is within subdivision 3 of section 5110, and therefore subject to the four months' limitation therein prescribed. The particular time of the seizure on execution is not stated in the specifications, and though it sufficiently appears that it must have been within six months of the adjudication, it is not stated to have been within four months; and I assume that it was not. If the objectors intended to rely on subdivision 3, they were bound to state the seizure to have been within the time limited by that subdivision. Not having done so, the specifications cannot be sustained under subdivision 3.

For the creditors, however, it is claimed that the case falls under subdivision 9 of section 5110, as an "indirect" transfer, made in contemplation of bankruptcy, for the purpose of preventing the property from coming into the hands of the assignee. I have not been referred to any case deciding the precise point here presented.

Whatever the actual facts may be, the statements in the specifications must, for the purposes of this hearing, be taken as true. The facts stated constitute of themselves an act of bankruptcy, and show a collusive judgment and execution sale upon a fictitious claim, for the purpose of preventing the property from coming to the hands of the assignee.

In the *Shick Case*, 2 Ben. 5, this court held that a similar fictitious judgment and sale on execution "were in substance and effect, within the provisions of section 39, (section 5021,) a *transfer* of the property of the debtor, made by him." And this was held although section 39 did not expressly embrace *indirect* transfers. Subdivision 9 of section 5110 expressly includes "indirect" as well as direct transfers; and I cannot doubt that, by the use of that word, it was intended to include every device of the bankrupt by which the same purpose and effect are accomplished as by a direct transfer.

It is scarcely credible that in declaring the effect of seizures upon execution procured by the bankrupt, as in subdivision 3, the statute could have intended to refer to fraudulent and fictitious judgments and executions, which, as respects creditors, have none of the merits

or attributes of *bona fide* executions, but are merely a collusive device for the fraudulent transfer of the debtor's property. The seizures referred to by that subdivision are, in my opinion, seizures upon *bona fide* judgments and executions, which necessarily imply a *bona fide* creditor, who would by such seizure obtain a preference in the payment of a *bona fide* debt. A penalty for giving a preference to a legal debt through a seizure on execution is all that was intended by that subdivision. But where there is still deeper fraud, and the judgment and execution are colorable only, and are merely a means of effecting a fraudulent transfer of the debtor's property, the case must, I think, be dealt with under subdivision 9, according to its intrinsic character, as an indirect transfer of property, and not according to its mere form as an ordinary seizure on execution.

This view is confirmed by section 5128 and section 5129, which designate the cases in which acts of the bankrupt are void as against the assignee, and the different periods of limitation for the two classes of cases there referred to. Section 5128, which, like subdivision 3 of section 5110, embraces seizures upon execution and the *four* months' limitation, is expressly restricted to cases where a *preference* is intended to "a creditor or person having a claim." But by section 5129, in cases of other transfers, which do not have even the partial merit of preferring a creditor, but are designed to prevent the debtor's property from going either to creditor or assignee, the period of limitation is extended to six months. The fair inference is that section 5128, and subdivision 3 of section 5110, in imposing the same period of limitation, intend to refer to seizures on execution of a similar character, viz.: upon *bona fide* executions only, intended to prefer *bona fide* claims. *Hubbard* v. *The Allain Works*, 7 Blatchf. 284.

Such a transaction as is charged in these specifications would not fall under section 5128, because not done "with a view to give a preference to any creditor." That was not the intention of this transaction, nor was there any *bona fide* debt or *bona fide* creditor. The case would plainly fall under section 5129, according to its real and substantial character and intent, as a fraudulent transfer and diversion of the debtor's property. *Hubbard* v. *Allain*, 7 Blatchf. 284. Subdivision 9 of section 5110, in regard to such transfers, uses the same language as section 5129 ; and if the transaction, as respects the rights of the assignee, falls within section 5129, and within the limitation of six months there specified, consistency in construction requires that it should also be held to fall within the same language of subdivision 9 of section 5110, as respects the rights of the bank-

rupt; and that at least no shorter term. of limitation should by con-
struction be placed upon that subdivision. It would be an anomalous
result if a fraudulent transfer were held voidable by the assignee for
six months prior to the bankruptcy, while the bankrupt who commit-
ted the fraud should stand acquitted and obtain his discharge under
any shorter period of limitation.

My conclusion is that the case is governed by subdivision 9, and
by no shorter limitation than the six months prescribed by section
5129 in analogous cases, and that the demurrer be overruled and the
case referred back to the register to take proofs upon the specifica-
tions.