### In re HENRY ULFELDER CLOTHING CO.

#### (District Court, N. D. California. December 12, 1899.)

#### No. 2,966.

1. BANKRUPTCY—CONCLUSIVENESS OF ADJUDICATION — DEBT OF PETITIONING CREDITOR.

Where the respondent, in a petition in involuntary bankruptcy, denies his alleged indebtedness to the petitioning creditor, and takes issue on the validity and the consideration of the note set forth in the petition and on which such creditor claims, and, upon evidence offered on both sides, the

court finds the allegations of the petition to be true, and makes an adjudication of bankruptcy, such adjudication is conclusive evidence of the validity of the petitioner's claim when the note is presented for allowance as a claim against the bankrupt's estate, and it cannot be disputed either by the bankrupt or by any creditor who joined in the proceedings and opposed the adjudication.

2. SAME—CLAIMS OF THIRD PARTIES.
    Where the respondent in a petition in involuntary bankruptcy took issue on the question of his insolvency, and the petitioning creditor, for the purpose of proving insolvency, offered in evidence certain promissory notes made by the debtor to third parties, and the debtor contested their validity and consideration, and, upon hearing the evidence on both sides, the court found the allegations of the petition to be true, and made an adjudication of bankruptcy, held that, as such notes were not directly in issue, but only collaterally brought in question, and as the holders thereof were not parties to the proceeding, the adjudication of bankruptcy was not conclusive as to their validity, and would not preclude the bankrupt from opposing their allowance as claims against his estate.

In Bankruptcy.    On review of ruling of referee in bankruptcy.

Franklin P. Bull, for certain creditors.
Edward Meyers, for bankrupt.                                            ,
Chas. S. Peery, for petitioner.

DE HAVEN, District Judge.    Donie Ulfelder filed in this court her petition asking that the Henry Ulfelder Clothing Company, a corporation, be adjudged bankrupt.    In this petition she alleged that the corporation was indebted to her in the sum of $2,000, evidenced by a promissory note executed by it to her on or about June 15, 1898, and that the corporation had committed an act of bankruptcy on the 10th of June, 1899, in that it had "suffered and permitted, while insolvent, one Bernard Lowenstein, a creditor of said corporation, to obtain a preference by legal proceedings."    The petition further alleged that the creditors of the corporation were less than 12 in number.    To this petition separate answers were filed by the corporation and by the creditor, Bernard Lowenstein.    These answers put in issue the allegation of the petition in relation to the insolvency of the corporation, and also contained a denial that the petitioner was a creditor of the corporation in any sum or amount whatever.    The issues presented by the petition and answer came on regularly for trial, and upon such trial the petitioner, for the purpose of proving that the Henry Ulfelder Clothing Company was indebted to her in the sum alleged in the petition, introduced in evidence a note dated January 25, 1898, purporting on its face to have been executed to her by that corporation, for the sum of $2,200; and, in support of the further allegation that the corporation was insolvent, she offered in evidence two notes, dated January 25, 1898, purporting on their face to have been executed by such corporation, one to Henry Ulfelder, in the sum of $1,800, and one to A. Levy, in the sum of $1,490, and also evidence to the effect that such notes were duly executed, and upon a sufficient consideration; and, upon the part of the corporation and B. Lowenstein, evidence was introduced tending to show that the corporation did not execute any of said notes, and that all of them were, as to the corporation, without

consideration. The court, upon consideration of the conflicting evidence, found the allegations of the petition to be true, and the corporation was thereupon adjudged bankrupt. Thereafter the following proceedings in the cause were had before the referee, as appears by his certificate:

"Claims against said bankrupt were presented for allowance by Donie Ulfelder in the sum of $2,200, Henry Ulfelder in the sum of $1,800, and A. Levy in the sum of $1,490. Objections to these claims, and each and all of them, were presented by the bankrupt, and also by B. Lowenstein, a creditor of the bankrupt, whose claim against the bankrupt had been filed with the referee. The grounds of such objection to said claims, and each and all of them, were: (1) That said claims, and each and all of them, and the alleged promissory notes upon which the same are based, are not the obligation of said bankrupt, and are fraudulent and void; (2) that the bankrupt never authorized the making, execution, or delivery of said promissory notes, or either of them, to said claimants, or either of them; (3) that no consideration, of any kind or nature, was ever had or received by the bankrupt for said promissory notes, or either of them. Said bankrupt and said B. Lowenstein thereupon offered and proposed to establish their objection to said claims, and each and all of them, by competent evidence, and to show that said claims, and each and all of them, are fraudulent and void, and to sustain their objections to said claims, and each and all of them, upon the grounds hereinbefore set forth. It was thereupon held by the referee that said claims, and each and all of them, were established and adjudicated by the order of the court adjudicating the corporation a bankrupt. It appearing that said bankrupt, and said B. Lowenstein, both appeared in said bankruptcy proceedings, and filed answers to said petition filed in the proceedings, praying that said corporation be adjudged a bankrupt, the referee decided that the validity of said claims, or either or any of them, cannot be questioned or contested by said bankrupt or by said B. Lowenstein, and that as to them said claims, and each and all of them, are finally established."

This ruling of the referee is now before the court for review. Upon the argument of the exceptions, it was conceded that the claims filed with the referee by Donie Ulfelder, Henry Ulfelder, and A. Levy were represented by the same promissory notes which were introduced in evidence upon the trial, resulting in the decree by which the Henry Ulfelder Clothing Company was adjudged bankrupt; and the court will also at this time take judicial notice of the fact that the only matters in controversy between the parties upon that trial related to the alleged invalidity of these promissory notes as claims against that corporation, and that the general finding upon which that decree was based includes the implied finding that all of the promissory notes referred to were valid claims against the corporation. The court must have so found in order to reach the conclusion that Donie Ulfelder was a creditor of the corporation, and that the corporation was insolvent.

1. The ruling of the referee, in so far as it relates to the claim of Donie Ulfelder, will be first considered. She was the petitioner in the proceeding to have the Henry Ulfelder Clothing Company adjudged bankrupt, and, the alleged fact having been put in issue by the answer to her petition, it was incumbent upon her to prove that she had a legal demand against that corporation for at least $500 in excess of securities held by her. Bankr. Act, § 59, subd. b. Without proof of this fact, the corporation and creditor who appeared in opposition to the petition for involuntary adjudication would have been entitled to a dismissal of the proceeding. In re Cornwall, 9

Blatchf. 114, Fed. Cas. No. 3,250; Bank v. Moore, 2 Bond, 170, Fed. Cas. No. 10,041; In re Skelley, 2 Biss. 260, Fed. Cas. No. 12,921. The question whether she was a creditor in that amount was there-. fore a material issue in that proceeding, and the decree therein undoubtedly establishes the fact that she was such creditor. The decree does not show upon its face the particular ground or particular claim of indebtedness upon which this adjudication was made, and in such a case it is competent to show, by extrinsic evidence not inconsistent with the record, the particular matter litigated upon the trial and determined by the judgment. Wood v. Jackson, 8 Wend. 45; Doty v. Brown, 4 N. Y. 71; Lewis v. Pier Co., 125 N. Y. 341, 26 N. E. 301; Wilson's Ex'rs v. Deen, 121 U. S. 525, 7 Sup. Ct. 1004, 30 L. Ed. 980; Packet Co. v. Sickles, 5 Wall. 592, 18 L. Ed. 550; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Driscoll v. Damp, 16 Wis. 106. Now, in this case, it appears that upon the trial of the issues in the involuntary proceeding the same promissory note upon which Donie Ulfelder bases her present claim against the bankrupt corporation was offered in evidence to prove that she was a creditor of that corporation, and she relied upon no other claim in proof of that fact; and the questions whether such note had been duly executed by the corporation and delivered upon a sufficient consideration were in controversy and litigated upon that trial. The inevitable conclusion from these facts is that the validity of the claim founded upon this promissory note was directly in issue in the proceeding in which the Henry Ulfelder Clothing Company was adjudged bankrupt, and it is equally clear that the decree therein was in favor of its validity, as the court, in adjudging that the petitioner was a creditor of the corporation, could have proceeded upon no other ground than that such note was a valid obligation of the corporation. May the same question be again drawn into controversy in the bankruptcy proceeding in which that decree was given? I think not. In considering the legal effect of this decree, there does not seem to be any reason for a departure from the well-settled rule that matters which have been once litigated and determined by the judgment of a court cannot again be made the subject of legal contention, as between the parties to such judgment and their privies. The right to prosecute a proceeding in involuntary bankruptcy is one of the remedies which the law in the cases prescribed in the bankruptcy act gives to the creditor for the enforcement of his claim against his debtor, and in such a proceeding the question whether the petitioning creditor has a legal demand against the alleged bankrupt in such an amount as entitles him to maintain the action may be put in issue and tried, and the decision of that question in favor of the petitioning creditor is conclusive, as to the particular claim thus litigated, in all subsequent proceedings in the cause having relation to such claim, so long as the judgment remains in force. The law certainly does not contemplate that the petitioning creditor shall be required to establish the validity of a particular claim against the bankrupt more than once in the same proceeding, unless the court shall, upon some legal ground, grant a new trial of such issue.

The proceeding against the Henry Ulfelder Clothing Company was not one of which creditors were, upon the facts admitted by the pleadings therein, entitled to notice, under subdivision d of section 59 of the bankruptcy act. Any creditor had the right, however, to voluntarily appear and join in the petition, or to be heard in opposition thereto (Bankr. Act, § 59, subd. f), and those not appearing were, in contemplation of law, represented by the bankrupt, and therefore concluded as to all matters directly in issue and determined by the decree. It was held in Candee v. Lord, 2 N. Y. 269, that a judgment obtained, without fraud or collusion, against a debtor, "is, upon all questions affecting the title to his property, conclusive evidence against his creditors to establish (1) the relation of creditor and debtor between the parties to the record, and (2) the amount of the indebtedness." And in answer to the argument that creditors not parties to the suit in which such judgment was rendered were not in privity with the defendant debtor, and therefore not estopped thereby, the court said:

"We think otherwise. The law which gave the judgment debtor the unlimited right (when honestly exercised) to contract debts, to settle and adjust their amount, to secure and to pay them, made him, to that extent, the representative of all his creditors who should seek the satisfaction of their demands out of his property. So far, at least, they are in privity with, and claim under, their debtor."

And, upon precisely the same principle, the decree in the involuntary proceeding against the Henry Ulfelder Clothing Company, which, in legal effect, determined that at the date of the commencement of such proceeding the bankrupt was indebted to the petitioning creditor upon the identical claim now filed with the referee, and for its full amount, because such claim is indivisible, is conclusive upon all other creditors in the administration of the estate of the bankrupt. It most certainly is conclusive upon the bankrupt and the creditor who was a direct party to that proceeding.

2. The claims of Henry Ulfelder and A. Levy were not, in my opinion, conclusively established by the decree against the Henry Ulfelder Clothing Company. It is true, as before stated, that the notes representing these claims were introduced in evidence upon the trial resulting in that decree, and that the general finding of the court that the corporation was insolvent at the time alleged in the petition for involuntary adjudication must necessarily have been based upon an implied finding that such notes were valid obligations of the corporation; but neither Henry Ulfelder nor A. Levy was a direct party to that proceeding, and the validity of their respective claims was not directly in issue therein, but was only brought collaterally in question by others who were parties to that proceeding. If the court, upon the evidence then before it, had found against their validity, and for that reason had adjudged that the corporation was not insolvent, and dismissed the proceeding, such finding and judgment would not have constituted a bar to a subsequent action by Henry Ulfelder and A. Levy against the bankrupt to recover upon the same claims. They would not have been estopped by such a judgment, because, not being parties, the question of the validity of their present claims was

not, and could not have been, litigated by them in the involuntary proceeding. In the case of In re Schick, 2 Ben. 5, Fed. Cas. No. 12,455, the defendant was adjudged bankrupt upon the ground that a certain judgment confessed by him in favor of one Cowen was an act of bankruptcy, and in the course of the opinion it was said by Blatchford, J.:

"This proceeding, however, is, so far, one merely between the petitioning creditor and the debtor. Cowen is no party to it, although examined as a witness for the creditor; and in the further progress of the matter, if the assignee of the debtor to be appointed should institute proceedings to realize, for the benefit of the debtor's estate in bankruptcy, the property levied on by the sheriff under the execution, Cowen will have a full opportunity to assert his rights, and maintain, if he can, the integrity of the judgment, and there is nothing in this adjudication to preclude him from doing so."

And in the case of In re Drummond, 1 N. B. R. 231, Fed. Cas. No. 4,093, McDonald, J., in adjudging the defendant bankrupt because of his act in preferring certain creditors, said:

"It is proper, also, to say that I give no opinion touching the liability of any of the preferred creditors in case of a suit against them by the assignee in bankruptcy who may be appointed in this case. * * * And, indeed, as the preferred creditors are not parties to this proceeding, it would be unjust that the present decision should in any manner affect their interest, except so far as it fixes the status of Drummond as a bankrupt."

See, also, In re Dibblee, 3 Ben. 283, Fed. Cas. No. 3,884.

The cases just cited, which I think are sound in principle, show that Henry Ulfelder and A. Levy would not have been bound if, in the involuntary proceeding, the court had found against the validity of their present claims, and upon that ground had entered a decree in favor of the bankrupt corporation; and, this being so, it necessarily follows that the bankrupt corporation is not bound by the contrary decree, in which the validity of these claims was incidentally affirmed, for, as was said by the court in Nelson v. Brown, 144 N. Y. 390, 39 N. E. 356:

"The record of a judgment, in order to conclude either of the party litigants, must be conclusive upon both. The operation of the rule must be mutual."

The ruling of the referee, in so far as it relates to the claim of Donie Ulfelder, is affirmed. The exceptions to that part of the ruling of the referee which relates to the claims of Henry Ulfelder and A. Levy are sustained, and the referee is directed to permit the bankrupt or the creditor Lowenstein to introduce any competent evidence in support of the objections to the validity of said claims.