No. 22,476.

EDWIN CLAPP & SON, Incorporated, *Appellant,* v. W. A. KNORR, *Appellee.*

SYLLABUS BY THE COURT.

BANKRUPTCY—*Claim Filed by Creditor—Dividend Accepted—Estoppel.*
On a sale of a stock of goods, only a part of the purchase price was paid. The vendee was given possession of the goods and the right to conduct the business, to buy and sell goods with limitations on the indebtedness that might be incurred, and the extent of the goods that should be carried in stock. The vendor reserved the right to sell and dispose of the stock if the installments of the unpaid purchase price were not paid as agreed upon or if the other conditions of the agreement were not observed, and any surplus remaining was to be turned over to the vendee. Before all the payments were made, the vendee failed in business and was adjudged a bankrupt. With knowledge of the contract relations between the vendor and vendee, a creditor who had sold goods on the credit of the vendee joined with the vendor in electing a referee in bankruptcy. Its claims, as well as that of the vendor, were presented to the referee and allowed, and together they procured an adjudication to be made that the vendee was the debtor and that the vendor was a general creditor of the bankrupt estate.

Dividends were accepted by the creditor on the basis that the vendor was a creditor, but subsequently it brought this action against the vendor to recover the balance of its claims, on the theory that the vendor was owner of the stock and the principal debtor. *Held*, that the creditor is precluded from denying the facts adjudicated in the bankruptcy proceeding, and from resorting to the vendor for the recovery of its claims.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 8, 1920. Affirmed.

*F. L. Martin, Van M. Martin,* and *John M. Martin,* all of Hutchinson, for the appellant.

*Walter F. Jones,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Edwin Clapp & Son, a corporation, against W. A. Knorr, to recover an unpaid balance due for goods sold by the plaintiff to the C. E. Reinhart Store, and for other claims for merchandise and labor assigned to plaintiff. Judgment was given in favor of the defendant, from which plaintiff appeals.

It appears that in May, 1911, Knorr owned a stock of shoes in Salem, Ore., and the sale of them was then made to C. E. Reinhart. Some exceptional stipulations were included in the agreement of sale. The purchase price was $7,136.70, of which $2,036.70 was paid in cash, leaving $5,100 to be paid in monthly installments of $100. Reinhart was to manage and conduct the business under the name of the C. E. Reinhart Store, employ salesmen, pay insurance, rent and other expenses incident to the business out of the profits of the business. It was stipulated that it was understood that the relations of the vendor and vendee should be regarded as that of employer and employee until the balance of the purchase price was paid, and that the profits of the business should be applied on the balance due upon the stock. It was further provided that the vendee should not make debts or liabilities binding on the vendor to exceed $2,000, nor reduce the stock and fixtures below the invoice value of $9,000, and should manage the business at a profit so as to be able to meet the monthly payments, and that if he failed to do so or failed to comply with

the other requirements, the vendor might advertise and sell the stock and apply so much of the proceeds of the sale as would liquidate the unpaid balance of the purchase price and turn over the surplus of the proceeds to Reinhart. When the payments were made the vendor was to make and deliver a bill of sale to the vendee. Payments were made by Reinhart from time to time for about three years and until all the purchase price was paid, except $1,300. In November, 1914, Reinhart failed in business and was adjudged a bankrupt. The plaintiff and its assignors were listed with the referee as creditors of Reinhart, and Knorr was also listed as a creditor upon his claim for the unpaid purchase price of the stock. When the plaintiff filed its claims it knew of the sale agreement between Knorr and Reinhart, but it proceeded against Reinhart, as the debtor, and joined with Knorr as creditor of the bankrupt estate, without objection to the latter's claim. All of the parties, including Knorr, were adjudicated to be creditors of Reinhart. The bankrupt stock was sold and disposition of the proceeds was made among the claimants. However, final distribution had not been made when the present action was begun against Knorr.

The provisions of the agreement between Reinhart and Knorr are unusual in character, and it is not easy to define the exact relation that existed between them. A sale of the stock was made to Reinhart and possession was given to him. While he was given the management and control of the business with the right to buy and sell goods, limitations were placed upon him as we have seen, both as to the extent of the indebtedness that should be incurred and the stock that should be carried. Knorr reserved these rights and also the right to sell the goods if payments were not made when due, and if the terms of the agreement were not observed. These reservations were manifestly made to secure the payment of the unpaid purchase price of the stock sold to Reinhart. Although Reinhart was designated in the agreement as an employee, he was in a sense the owner and undoubtedly liable as such to the plaintiff as well as to Knorr. As to creditors both of the parties might have been regarded and treated as debtors because of the interest retained by Knorr in the goods sold. However, plaintiff and

other creditors chose to treat Reinhart as the debtor and Knorr as the creditor of Reinhart. Knorr had some grounds for asserting a lien on the stock and to make the claim that he was a preferred creditor, but he submitted his claim to the bankruptcy tribunal, which adjudged that he was a general creditor, and this adjudication is binding upon him. It was also binding upon the plaintiff. It sold goods on the credit of Reinhart and dealt with him as the owner of the stock and as its debtor. It may not have known of the conditions of the sale of the stock to him or of the lien or interest reserved by Knorr when the credit was given. It did learn of those conditions and reservations before its claims were presented to the referee in bankruptcy, and with this knowledge it elected to treat Knorr as a creditor and not as a debtor. Apparently its principal contention was that he was a general rather than a preferred creditor, and it was successful in securing a judgment that he was a general creditor. With knowledge of the contract relations between Reinhart and Knorr it joined with Knorr in electing a referee in bankruptcy and in procuring an adjudication that it and Knorr were both creditors of Reinhart. That adjudication determined the status of the parties, that the claims of the plaintiff were the debts of Reinhart and that Knorr was a creditor upon a plane with itself. Even if Knorr might have been regarded in the first instance as principal, and Reinhart as his agent, the plaintiff, having proceeded against Knorr as the owner of the goods and the principal debtor, with full knowledge of the facts, is bound by its election. (*Silver v. Jordan*, 136 Mass. 319; *Schepflin v. Dessar*, 20 Mo. App. 569.) The question whether Knorr was a debtor or creditor was a material issue in the bankruptcy proceeding, and the adjudication there made establishes the fact that he was a creditor of Reinhart. (*In re Henry Ulfelder Clothing Co.*, 98 Fed. 409.) The plaintiff, having procured the adjudication with knowledge of the contract relations, and having accepted dividends from the estate on that theory, is precluded from shifting its position and asserting that Knorr is a principal and a debtor. In *Swofford Bros. Dry Goods Co. v. Owen et al.*, 37 Okla. 616, a creditor filed a claim against a bankrupt corporation and received and accepted dividends on the claim; afterwards he undertook to recover upon the same claim

against certain stockholders of the corporation with whom he claimed to have contracted as a partnership, and it was held that the creditor was estopped to assert a claim against the stockholders. The presentation and allowance of the claim against the corporation, it was held, was an adjudication by a court of competent jurisdiction, and, having been procured at the instance of the creditor, was binding upon him. It was said that:

"Even though the creditor, before filing its claim, was entitled to proceed against certain of the stockholders as partners, it having elected to file its claim against the bankrupt corporation, and participated in the corporate dividends declared, with knowledge of the facts, cannot subsequently be heard to say that the indebtedness was not in fact a debt of the corporation, but of the partners instead." (Syl. ¶ 6.)

(See, also, *Clendening v. Red River Valley Nat'l Bank,* 12 N. D. 51.)

The case was tried and the jury instructed in line with the view that we have taken, and no substantial error is seen in the instructions that are challenged or in the rulings on the admission of testimony.

Judgment affirmed.