---

In re AMER et al.

(District Court, E. D. Pennsylvania. October 11, 1915.)

Nos. 3464, 3467, 3470-3472.

BANKRUPTCY ☞473—HEARING ON OBJECTIONS TO DISCHARGE—COSTS.

The filing of objections to a bankrupt's discharge is the beginning of a distinct and separate dispute, and the hearing thereon is in effect a trial in equity in which the equity rules as to taxation of costs may properly be applied. The fact that the same creditor files similar objections in a number of different cases does not relieve him from payment of costs in each case on an adverse decision.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 873–877; Dec. Dig. ☞473.]

In the matter of William M. Amer, Thomas W. Barnes, Adam B. Long, Jacob H. Bomberger, and Tobias R. Kreider, bankrupts. On exceptions of the Bendersville National Bank to report of referee as special master recommending discharge of bankrupts. Reargument on question of taxation of costs. Ruling adhered to.

B. F. Davis, of Lancaster, Pa., for exceptant.
John A. Nauman, of Lancaster, Pa., for bankrupts.

THOMPSON, District Judge. Upon the reference of the specifications of objection to the bankrupts' discharge to the referee, the filing of his report recommending the dismissal of the specifications of objection and the discharge of each of the five bankrupts, the matter came before the court upon the exceptions of the Bendersville National Bank to the referee's report, and, after hearing, the exceptions were dismissed.

Costs were taxed in each of the five cases under Supreme Court Equity Rule 67 (198 Fed. xxxvii, 115 C. C. A. xxxvii) in the amount of $5 upon each exception dismissed. The referee having no jurisdiction to act upon an application for discharge, it is within the power of the court, under General Order in Bankruptcy No. 12 (89 Fed. vii, 32 C. C. A. vii), to specially refer it to the same or another referee for report and recommendation to the court. Objections to a bankrupt's discharge are the beginning of a distinct and separate dispute, and the hearing thereon is in effect a trial in equity. In re Guilbert, 18 Am. Bankr. Rep. 830, 154 Fed. 676; In re Broadway Trust Co., 18 Am. Bankr. Rep. 254, 152 Fed. 152, 81 C. C. A. 58.

The equity rules as to taxation of costs may therefore be properly applied, and the fact that the same objecting creditor filed similar exceptions in five separate cases does not relieve it from payment of costs to each of the bankrupts.

I perceive no reason to alter the decision heretofore rendered upon exceptions to the taxation of the bills of costs, and the present petition is therefore dismissed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes