INTERNATIONAL TRUST CO. v. MYERS et al.

(Circuit Court of Appeals, First Circuit.   August 25, 1917.)

'No. 1289.

BANKRUPTCY ☜467—COMPOSITION—REVIEW—FINDING.
  An order of the trial court, confirming the referee's report overruling objections to composition, based on the ground that bankrupt had obtained credit by means of a materially false written statement, will not be disturbed on appeal, where the evidence did not clearly show that the trial court was wrong.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of the bankruptcy of Samuel A. Myers and others. Composition was offered, and the International Trust Company, a creditor, objected. The report of the referee, overruling the objections, was sustained by the District Court, and the International Trust Company appeals. Affirmed.

The following is the opinion of Morton, District Judge, on confirmation of composition:

The objections chiefly relied upon in argument are based upon the statement of financial condition made by the alleged bankrupts to the objecting creditor. It was given to the creditor on March 27, 1916, at the latter's request, and purported to state the financial condition of the alleged bankrupts as it appeared on their books on January 1, 1916. The referee finds that there was no borrowing on the strength of the statement until October 2, 1916, and that the statement was a correct abstract of the respondents' books; and these findings are not disputed.

The objecting creditor, in support of the contention that the statement was intentionally false, relies principally upon two matters. The first of these is the omission altogether from it of a note for $3,000, made by the alleged bankrupts and secured by a mortgage on their real estate in Stoughton. The respondents owned real estate in Stoughton and mortgaged it for $3,000 to the Stoughton Trust Company. They did not include this mortgage indebtedness in their statement. Neither did they include the value of the real estate, which appears to have been more than the amount of the mortgage. They apparently supposed that the statement covered only their commercial business, and that the Stoughton real estate was outside of it. If the real estate had been shown as an asset, and the mortgage indebtedness as a liability, the result would have been an increase in the net worth of the respondents.

The other item relied upon by the objecting creditor is the "Accounts Receivable," which are given in the statement as $58,425.06. That the respondents had on their books accounts receivable of that amount is not disputed. At the date of the statement, however, $27,000 of these accounts had been assigned to the Commercial Investment Trust, which had advanced 80 per cent.

of the face value thereof. Further adjustments were to be made between the respondents and the Commercial Investment Trust in respect to the other 20 per cent. The respondents included as assets in their "Accounts Receivable" the $27,000 of accounts so assigned; on the other side they included in their liabilities as debts the sums received on the assigned accounts.

The objecting creditor contends that the accounts in question, having been absolutely assigned, were no longer the property of the respondents, and could not properly be included as assets; that the sums received upon said accounts were payments of the accounts pro tanto, and were not loans to the respondents; that the statement was therefore false; and that, as the respondents knew all the facts, they are fixed with knowledge of the falsity. The facts as found by the referee hardly support this view of the transactions between the respondents and the Commercial Investment Trust; but the case does not, I think, turn upon a close and exact analysis of these transactions.

A false statement of the character here in question (Bankruptcy Act, § 14b (3) [Comp. St. 1916. § 9598]), in order to be a bar to a discharge, must have been made with knowledge that it was false, and with the actual intent to obtain property or credit by means of a false statement. The learned referee has found, in substance, that the respondents did not intend the statement to be false, did not believe that it was false, and had no purpose dishonestly to obtain credit. I am asked to disregard his findings, and to hold that he was plainly wrong in his views. I am not prepared to do so. There is no persuasive evidence of dishonesty. It seems to me that the learned referee, who saw the respondents and heard them testify, and was in a much better position than I am to decide correctly whether there was a dishonest purpose or intent, was probably right in his conclusions on this point.

The objecting creditor urges that, if the assignment of almost half of the accounts receivable had been disclosed to it, credit would not have been extended; that there was a duty on the part of the respondents, when called upon for a statement of financial condition, to state the fact of the assignments; and that the statement, not disclosing such fact, was therefore knowingly and intentionally false. The short answer is that, if the objecting creditor considered that point material, it ought to have inquired about it. The statement shows on its face what it is. It ought not to be extended by implication to include recitals which it does not contain, and which were never made by the alleged bankrupts.

The other objections relied on are based upon alleged false statements made by the respondents in the schedules and on their examinations. Both in the original schedules, and on the examinations before the receivers, each respondent stated under oath that all his policies of life insurance were payable to his wife. The facts were that on the life of each respondent was a $20,000 policy payable to the firm. After the examination the schedule was amended to show these facts. Various policies of life insurance owned by the respondents had been assigned to their wives on January 2, 1917. The explanation offered by the respondents for their failure to refer to the $20,000 policies in their schedules and in their examinations was that each of the respondents supposed that his $20,000 policy had been assigned to his wife at the time when his other policies were so assigned. The learned referee accepted the explanation offered, and does not find any intentional concealment or misstatement in respect to these two policies. It cannot be said that in this conclusion he was clearly in error. The other specifications of objection based on the policies of insurance are waived by the objecting creditor.

No sufficient reason appearing for disregarding any of the learned referee's findings, his report stands confirmed.

Offer in composition approved.

John R. Lazenby and Julius Nelson, both of Boston, Mass., for appellant.

Before DODGE and BINGHAM, Circuit Judges, and HALE, District Judge.

PER CURIAM. Objections specified by the appellant to an accepted composition were referred to the referee, who reported that he found none of them sustained; whereupon the court, after due hearing, confirmed the composition. The appellant has insisted here, not upon all the objections originally specified, but upon one ground of objection only, viz., that the bankrupts had been guilty of obtaining money on credit upon a materially false statement in writing, made by them to said appellant for the purpose of obtaining credit from it. Bankruptcy Act, §§ 12d (2), 14b (3) (Comp. St. 1916, §§ 9596, 9598).

The evidence before the referee, his report thereon, and a memorandum of the District Judge's reasons for agreeing with the referee are before us. That on March 27, 1916, the appellant received from the bankrupts a signed statement in writing purporting to be "a copy of our financial statement taken from inventory January 1, 1916," is undisputed; also that the appellant, relying thereon, thereafter loaned the bankrupts $20,000 in all, on various dates from October 2 to December 18, 1916, both inclusive.

A consideration of the evidence before the referee and the District Judge has left us unable to say that they were clearly in error in finding it insufficient to prove said statement materially false and made for the purpose of obtaining credit thereby. We accept the reasoning and conclusions of the District Judge thereon.

The order of the District Court, confirming the composition, is therefore affirmed, and the appellees recover their costs of appeal.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes