## MYERS ET AL., COPARTNERS AS S. A. & H. MYERS, *v.* INTERNATIONAL TRUST COMPANY.

### CERTIORARI TO THE SUPERIOR COURT, COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS.

No. 89. Argued October 18, 1923.—Decided November 12, 1923.

A judgment in bankruptcy confirming a composition over a creditor's objection based on the allegation that the bankrupts had obtained credit by a false statement of their financial condition, is not *res judicata* as to the creditor's cause of action against the bankrupts for the same alleged deceit; but estops the creditor as to the issue of falsity where this was not only raised, but actually decided against him, in the bankruptcy proceedings. *Cromwell* v. *Sac County,* 94 U. S. 351; *Friend* v. *Talcott,* 228 U. S. 27. P. 70.

241 Mass. 509, reversed.

CERTIORARI to a judgment of the Superior Court of Massachusetts, entered on a rescript from the Supreme Judicial Court, and enforcing a verdict, recovered by the present respondent, in a suit against the petitioners for damages for deceit.

*Mr. Edward F. McClennen* for petitioners.

*Mr. John R. Lazenby* for respondent.

I. The right of the bank to maintain an action for deceit and misrepresentation was not a provable claim in bankruptcy and hence was not discharged by the confirmation of the composition.

When the International Trust Company made the advances, it had two separate and distinct causes of action: (a) an action of contract founded upon the contractual obligations created by the notes, and (b) an action of tort founded upon the deceit of the Myers in inducing the bank to pay money upon misrepresentations intentionally made.

The Bankruptcy Act recognizes these two distinct causes of action and discharges the ·debtor from his liability on the contract and denies him the discharge from liability for deceit.

Section 14c provides that the confirmation of a composition discharges debts other than those not affected by a discharge.

·Section 14b requires the discharge of the debtor unless he has ·  ".  .  .  (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit."

Section 17, as amended by Act February 5, 1903, c. 487, § 5, and Act March 2, 1917, c. 153, provides that a dis-· charge releases a bankrupt from his provable debts except such as·  ".  .  .  (2) are liabilities for obtaining property by false pretenses or false representations  .  .  ."·

Section 63 defines "provable debts," and the definition does not include actions of tort for false representations. .

The meaning of the word "false" as used in these sections of the Bankruptcy Act is that the statement must be not only untrue,. but also untrue with an intention to deceive.

No question is raised as to the instruction to the jury by the trial court defining the word "false."

The Bank proved its claim on the notes in the bankruptcy proceedings.   It did not prove its right to recover in tort for deceit and misrepresentation.   Such a claim is not provable.   *Schall* v. *Camors,* 251 U. S. 239; *Talcott.* v. *Friend,* 179 Fed. 676; 228 U. S. 27. ·

The fact ·that the Trust Company proved its claim on the contracts, the notes, does not affect this right to maintain this action of fraud.   *Standard Sewing·Machine Co.* v. *Kattell,* 132 App. Div. 539; *In re Menzin,* 238 Fed. 773; *Zimmern* v. *Blount,* 238 Fed. 740; *In re Groodzinsky,*

248 Fed. 753; *Forsyth* v. *Vehmeyer*, 177 U. S. 177; *Crawford* v. *Burke*, 195 U. S. 176; *Frey* v. *Torrey*, 70 App. Div. 166; 175 N. Y. 501.

The debt is expressly excepted from the operation of the discharge by § 17 (2).

The present case is not one where the plaintiff may treat his cause of action as one in assumpsit, electing whether he will treat the fraud as a quasi-contract and waive the fraud, but it is one where there are two separate and distinct rights which give rise to separate and distinct causes of action. *Crawford* v. *Burke*, 195 U. S. 176; *Tindle* v. *Birkett*, 205 U. S. 183. *Kreitlein* v. *Ferger*, 238 U. S. 21, distinguished.

II. The decision of the United States District Court in bankruptcy confirming the composition was not *res judicata* upon the question of fraud.

Section 12d of the Bankruptcy Act requires the confirmation of a composition, provided the alleged bankrupt has not been guilty of any acts which will bar a discharge, and § 14b (3) refuses the discharge if the bankrupt has obtained money or property on credit upon a materially false statement in writing made to " any person " for the purpose of obtaining credit.

Any creditor may object to the confirmation of the composition irrespective of whether the false statement was made to him or to another creditor. *In re Miller*, 192 Fed. 730; *Talcott* v. *Friend*, 179 Fed. 676; *In re Kretz*, 212 Fed. 784.

The jury has found that the statement was intentionally false within the definition of the federal cases construing the Bankruptcy Act.

The petitioners have argued that the Bank had the option of remaining silent in the bankruptcy court as to the fraud and later avoiding the effect of the discharge by showing that the petitioners' liability was for obtaining property by false representations, or of trying out

the issue of fraud in objecting to the discharge in the bankruptcy court.

This argument is clearly unsound and results from confusing the nature of the Bank's rights. It assumes that the Bank had only one claim and that the assertion of that claim in the bankruptcy court eliminated the right to maintain an action for fraud after the granting of the discharge. Further, it assumes that the Bank had the right to avoid the discharge in a subsequent suit on the notes, on the ground that it was a provable debt and a liability for obtaining property by false pretenses under § 17 (2). The Bank, as stated before, had two rights—contract on the notes and tort for fraud. The first was provable. The second was not. If the Bank had merely the one right which allowed it to go into the bankruptcy court, it had a provable claim which was followed by the discharge, but under the statute the bankruptcy court never had and could not have before it the claim founded on the tort.

Further, the damages in the tort action could not be determined until the loss suffered by reason of the tort was fixed by the dividend received in the bankruptcy proceedings.

There was no such election and waiver as the petitioners argue. *Friend* v. *Talcott,* 228 U. S. 27, 37, 38.

Neither is it a case of one wrong with an election of remedies. *United States* v. *Oregon Lumber Co.,* 260 U. S. 290.

In the present case the proving of the notes was the affirmation of the contract and the bringing of suit in tort was a second affirmation and seeking damages for the injury caused by reason of the fraud. The right to object to the discharge arose out of the right to prove the notes and was entirely incidental thereto.

Nor can the doctrine of estoppel have any application.

The parties in the bankruptcy proceedings are not the same as the parties in this suit. It was the bankrupt

estate against the bankrupt and not one individual credi-
tor against the bankrupt. *Troxell* v. *Delaware, Lacka-
wanna & Western R. R. Co.,* 227 U. S. 434; *Postal Tele-
graph Cable Co.* v. *Newport,* 247 U. S. 464. *Bates* v.
*Bodie,* 245 U. S. 520, distinguished.

The question at issue is not the same. The sole ques-
tion in the bankruptcy proceedings was whether the
debtor should be discharged from his provable debts, not
whether any particular debt was discharged.

The Bankruptcy Act itself brings the two rights out
clearly. Section 14b(3) requires that the false statement
shall be in writing, but § 17a provides that a discharge
shall not release the bankrupt from liability for obtaining
money by false representations even though the state-
ment is not in writing.

*Friend* v. *Talcott,* 228 U. S. 27, is decisive. The facts
are almost identical with the facts in the present case. *In
re Menzin,* 238 Fed. 773; *Pell* v. *McCabe,* 256 Fed. 512;
*In re Groodzinsky,* 248 Fed. 753; Corpus Juris, Bank-
ruptcy, p. 400; Collier, Bankruptcy, 1921 ed., p. 406;
Remington, Bankruptcy, 2d ed., p. 2493, § 2750¾; Foster,
Federal Practice, 5th ed., vol. II, pp. 2254, 2256.

MR. CHIEF JUSTICE TAFT delivered the opinion of the
Court.

This action was begun in the Superior Court of Mas-
sachusetts by the International Trust Company, a bank,
against Samuel A. and Harry Myers, brothers and part-
ners, for damages for deceit in that the defendants had
obtained credit from the Trust Company by a false state-
ment of their financial condition. The action resulted
in a verdict for $14,304.49. The amended answer of the
defendants pleaded *res judicata* in the cause by a decree
of the United States District Court for Massachusetts in
bankruptcy, and on the trial the defendants offered the
record therein as evidence of an estoppel by judgment

against the plaintiff as to the fact of falsity. The trial court excluded the record. The case was taken by bill of exceptions to the Supreme Judicial Court, which over-ruled the exceptions and sent down the rescript and pursuant thereto final judgment was entered on the verdict. The Massachusetts courts held that the bankruptcy proceedings neither were *res judicata* as to the cause nor estopped the plaintiff as to the fact of falsity. The case here turns on the effect of the bankruptcy record, and so presents the federal question whether full faith and credit was given to the judgment of a federal court. *Radford* v. *Myers,* 231 U. S. 725, 730; *National Foundry & Pipe Works* v. *Oconto Water Supply Co.,* 183 U. S. 216, 233.

In January, 1917, an involuntary petition in bankruptcy was filed against the Myers brothers. They made an offer of composition. A majority of the creditors accepted the offer. The Referee recommended that it be confirmed. The Myers brothers applied for confirmation. The International Trust Company entered its appearance as a creditor and opposed the confirmation on the ground, among others, that the Myers brothers had obtained loans from the Trust Company by the statement made in writing on the first day of January, 1916, that the accounts receivable amounted to $58,425.06; that the statement was materially false and was made for the purpose of obtaining certain aforesaid sums on credit " said falsity being that the alleged bankrupts concealed and omitted to set forth in said statement the fact that of the said accounts receivable a certain portion in the neighborhood of $20,000, the exact sum being unknown to your petitioner, had been assigned and set over to the Commercial Investment Trust, and, further, that the accounts receivable, as set forth in said statement, did not amount to the sum of $58,425.06 ". The Referee to whom the objections were referred reported that Myers brothers had made the statement and the Trust Company had relied on

it in making them loans, but that when it was made it was a true statement and correctly set forth the financial condition of the bankrupts on January 1, 1916, as shown by their books kept according to the custom of the bankrupts at that time by an experienced and competent bookkeeper, and he found no evidence that the bankrupts or either of them falsely or purposely concealed or omitted to set forth in said statement the amount of the accounts assigned to the Commercial Investment Company and that the objection could not be sustained. The District Judge (245 Fed. 110) confirmed the finding of the Referee. The International Trust Company carried this ruling on appeal to the Circuit Court of Appeals for the First Circuit, and that court (245 Fed. 110, 112) affirmed the order confirming the composition.

The declaration of the Trust Company in this action for deceit has put the case on the falsity of the same statement of January 1, 1916.

The general principles which must govern here are laid down in an oftquoted opinion of Mr. Justice Field in *Cromwell* v. *Sac County*, 94 U. S. 351. In that case suit had been brought upon coupons attached to bonds issued by the county for the erection of a school house, and it was adjudged that the bonds and coupons were invalid in the hands of one not a *bona fide* holder for value before maturity, and as the plaintiff had not shown himself to be such a holder, he could not recover. In a second suit on other coupons from the same bond, he proved that he was a holder for value before maturity and the county sought to defeat the second suit by pleading the judgment in the first as *res judicata*. It was held that the cause was different and that the first judgment was not a bar. Mr. Justice Field said (pp. 352, 353):

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar

or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . .

" But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action". See also *Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1, 50; *Troxell* v. *Delaware, Lackawanna & Western R. R. Co.,* 227 U. S. 434, 440.

Coming now to apply these principles to the case before us, it is very clear that the opposition to the composition in the bankruptcy court was not the same cause of action as the suit for deceit here. That is settled by the decision of this Court in *Friend* v. *Talcott,* 228 U. S. 27, in a case involving similar facts, to be more fully stated. The defense of *res judicata* as to the cause was therefore not established by the judgment confirming the composition.

Counsel for the petitioners, however, urges that in spite of this the bankruptcy record was admissible in evidence. What he contends is that the essential fact found as between the petitioners and respondent in the bankruptcy proceedings and the confirmation of the composition was the truth of, and lack of falsity in, the statement of January 1, 1916, that in the trial of this action for deceit the burden of the Trust Company was to prove the falsity of the statement or fail, and that the Myers brothers were entitled to introduce as evidence conclusively rebutting the Trust Company's evidence of such falsity, the record of the bankruptcy proceedings showing that the question of such falsity in the statement had been adjudged against the Trust Company and in favor of the Myers brothers in a cause to which both were parties and in which the fact of falsity was a relevant and indispensable issue.

In the bankruptcy proceedings after the bankrupts' application was made to confirm the composition, the International Trust Company entered its appearance and filed its specification as it was required to do under General Order XXXII before it could oppose the confirmation and the consequent discharge of the bankrupts. Then followed before the Referee, to whom the issue thus made was referred, what was equivalent to a hearing in equity. This was the beginning of a distinct, separate and new suit. *In re Guilbert,* 154 Fed. 676; *In re Amer,* 228 Fed. 576. This suit between respondent and petitioners was decided by the Referee and the two courts against the respondent and the composition was confirmed because it was found that the statement of January 1, 1916, was true and not false. This is exactly the same issue which arose in the suit for deceit which is before us. Recovery of the judgment under consideration can not be sustained except upon the finding that the statement was false. The respondent, the Trust Com-

pany,. can not litigate again that issue in this case, because it is bound by the finding against it in its opposition to the confirmation of the composition. This follows necessarily from the rule in the second class of cases laid down by Mr. Justice Field in the language already quoted.

An adjudication of bankruptcy, or of discharge therefrom, is a judgment *in rem* and is binding on, and *res judicata* as to, all the world, only in respect of the status of the bankrupt, and is not conclusive as to the findings of fact or subsidiary questions of law on which it is based except as between parties to the proceedings or privies thereto. *Gratiot State Bank* v. *Johnson,* 249 U. S. 246, 248; *Manson* v. *Williams,* 213 U. S. 453, 455; *In re Henry Ulfelder Clothing Co.,* 98 Fed. 409, 413; *In re Schick,* 2 Ben. 5—Fed. Cases, No. 12,445. Here the International Trust Company was a real party to the issue and conducted the litigation. While the creditors whom it represented on the question of the discharge were only concluded as to the status of the bankrupt, it was estopped as between itself and the bankrupts in respect of the relevant facts determined in the controversy exactly as if the proceeding in opposition to the composition and discharge had been an ordinary civil suit by it against them.

The respondent however contends, and the Supreme Judicial Court of Massachusetts held, that this case is controlled upon this point, as well as in respect to general defense of *res judicata,* by *Friend* v. *Talcott,* 228 U. S. 27, and must be affirmed on the authority of that case. That was a case like this in which a creditor, having opposed a composition in bankruptcy, was defeated in his effort and brought suit in tort for deceit for damages equal to the balance of his claim after deducting what he had received on his provable claim for goods sold. The deceit alleged in the specification was a false report of

financial condition of the bankrupt made to a commercial agency whose report the opposing creditor relied on. The bankruptcy court held that these facts thus alleged did not bring the case within paragraph (3) of § 14b of the Act of July 1, 1898, c. 541, 30 Stat. 550, as amended by Act of February 5, 1903, c. 487, § 4, 32 Stat. 797, which provided that " the judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has . . . (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit." It confirmed the composition. The reasoning of the bankruptcy court was that paragraph (3) required that the materially false statement, to be effective to prevent a discharge, should be made directly to the creditor or his representative whom the debtor intended to deceive and that as the specification only showed a statement made to a commercial agency, it did not aver facts sufficient to constitute a bar to the composition and the bankrupt's discharge.

A year later the creditor began his action for deceit. In addition to the general issue, the defendants and former bankrupts set up the above judgment as *res judicata*. In the District Court the cause was heard on this plea of former adjudication and the plea was sustained. The Circuit Court of Appeals held that the defense of *res judicata* was not sustained and reversed the judgment of the District Court.

This Court held that the causes of action were not the the same, that the first concerned the general discharge of all the creditors under one section, and the second the exception from such general discharge of a particular

creditor under another section and that the defense of former adjudication was bad.

Coming then to the question of estoppel by judgment on the issue of fact as to the deceit, Chief Justice White, speaking for the Court, used this language:

"It is elaborately argued, however, that whatever be the infirmity of the decree of confirmation as *res judicata* in the complete sense, that decree was necessarily binding in so far as it established relevant facts which were at issue between the parties and therefore is here conclusive. But the proposition rests upon an unfounded assumption, as nothing in the assertion of the right to be exempt from the operation of the discharge here relied upon involves a traverse or denial of any relevant fact established as a result of the approval of the composition. On the contrary, as we have seen, the facts here relied upon to establish the exemption from discharge, are the facts which were conceded to exist and were not traversed for the purpose of the hearing on the composition."

The Court thus points out that the issue of material falsity of statement was not an issue of fact in the bankruptcy court, because that court had held that even if the fact of falsity as alleged in the specification of opposition were conceded, it did not prevent the confirmation of the composition and discharge under (3) § 14b of the Bankruptcy Act, because the statement was not made to the creditor or his representative, whereas the right of the creditor to recover in the action in hand was based on an exception to the discharge under the 17th section of the Bankruptcy Act of a liability "for obtaining property by false pretenses or false representations," (Amendment of February 5, 1903, c. 487, § 5, 32 Stat. 798,) without any restriction as to whom the representation should be made. In other words, the exact point upon which the suit for deceit depended, to wit, the falsity of the statement, was not considered and passed on by the bank-

ruptcy court. That court without enquiring as to the
truth of the statement held as matter of law that it could
not prevent the composition.

Nor does that which follows the above quotation help
respondents. It had evidently been argued that the view
of the bankruptcy court as to the limitation of (3) § 14b
was erroneous and that the issue of deceit was necessarily
before it and so in the result was decided. This led the
Chief Justice to say (p. 41):

"Conceding for the sake of argument that the facts
which were alleged as the basis of the opposition to the
approval of the composition were sufficient, had the law
been rightly applied, to have prevented the approval of
the composition, such concession would afford no ground
for holding that because one case in matter of law was
erroneously decided, that such decision should conclu-
sively establish the duty to erroneously decide another
and distinct case."

This of course is to be applied to the facts of the case.
The question of law whether the statement had to be made
to the creditor or his representative only, under (3) § 14b
of the Bankruptcy Act, did not arise in the second case
at all for, as said above, that involved only the meaning
of § 17 which had no such words of limitation. The cir-
cumstance that the bankruptcy court may have errone-
ously declined to decide the question of falsity could not
give its action in avoiding decision of it the same con-
clusive effect as if it had decided it, in a subsequent action
between the same parties in which the reason for avoiding
it however erroneous did not exist. The Chief Justice
continued (p. 42):

"If on the other hand, it be conceded that the composi-
tion was rightfully approved, as the determination of that
subject did not under the very terms of the statute involve
passing upon the separate and distinct claim of creditors
to be exempt from the operation of the discharge, it results

that in no view of the case is there merit in the contention as to *res judicata.*"

This was only to say that the issue of falsity in (3) of § 14b, if rightly construed by the bankruptcy court, was not the same as that in § 17.

The distinction between that case and this then is clear. The whole and sole effect of the decision in *Friend* v. *Talcott* was, first, that the judgment confirming the composition and discharge, based on (3) of § 14b, was not the same cause of action as that in the action for deceit based on § 17, and therefore that it did not estop the creditor from obtaining a judgment in the latter suit, and, second, that the issue of the falsity of the statement, while essential to recovery in the second suit for deceit, was not essential to the judgment in bankruptcy as held by the court which rendered the judgment and was in fact not determined by that court. In the case before us, however, we find that the issue of the statement's falsity was the same and was controlling in both suits and that, because it was decided against the Trust Company in the first suit, the decision concludes the issue against the company in the second. It was error, therefore, to exclude from the evidence the record of the bankruptcy judgment on the composition

*The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.*