**In re SOUTHERN STATES FINANCE CO.**

District Court, D. Delaware.    May 25, 1927.

No. 590.

**1. Bankruptcy ⊜⇒11—Constitution and statutes delimit jurisdiction of bankruptcy courts.**

Courts of bankruptcy have no jurisdiction other than that conferred on them expressly or by necessary implication by the Constitution and statute.

**2. Bankruptcy ⊜⇒18—Adjudication, and appointment and qualification of trustee, excludes jurisdiction of subsequent proceedings instituted in another district.**

On adjudication by a court having jurisdiction, and appointment and qualification of a trustee, all property of bankrupt not exempt passes to him, and there is nothing on which a court of another district can act in proceedings subsequently instituted therein, though it might in the first instance have had jurisdiction.

In Bankruptcy. In the matter of the Southern States Finance Company, bankrupt. On petition to transfer case to another district for consolidation. Denied.

Harry K. Hoch, of Wilmington, Del., for petitioning creditors.

Ayres J. Stockly, of Wilmington, Del., and Donnom W. Spencer, of Charlotte, N. C., for trustee.

James I. Boyce, of Wilmington, Del., John C. MacRae Vann, of Monroe, N. C., and Henry B. Adams, of Waxhaw, N. C., for creditors seeking transfer.

MORRIS, District Judge. Southern States Finance Company, a Delaware corporation, has been adjudged an involuntary bankrupt by this court and by the District Court for the Western District of North Carolina. A petition here filed, seeking the relinquishment of jurisdiction by this court and the transfer of the case to North Carolina, for consolidation with the case there instituted, is opposed upon the ground that this court is without the power to make the order sought, in that a transfer may be made only to a court which has jurisdiction (Bankruptcy Act, § 32 [Comp. St. § 9616]) and, because the adjudication had been here made, and the trustee chosen and vested with title to the property of the bankrupt, before the petition was filed in North Carolina, the court of that district was without jurisdiction to entertain the petition or make the adjudication, notwithstanding the principal place of business of the bankrupt had been there located for the required statutory period.

[1, 2] Courts of bankruptcy have no jurisdiction, other than that expressly or by necessary implication conferred upon them by the Constitution and the statute. Bardes v. Hawarden, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175; In re Hollins (C. C. A.) 229 F. 349. But as the Bankruptcy Act, § 2 (Comp. St. § 9586), expressly vests the District Court of the district in which is located the principal place of business of a person with original jurisdiction in bankruptcy pro-

ceedings over such person, the court in North Carolina had and continues to have such jurisdiction, unless by the acts done in this district such jurisdiction was lost. Whether by such acts that jurisdiction was lost is a question apparently not heretofore passed upon by the courts. In Stolzenbach v. Penn-American Gas Coal Co., 295 F. 628 (C. C. A. 3), in Re New Chattanooga Hardware Co. (D. C.) 190 F. 241, in Re Okmulgee Producing & Refining Co. (D. C.) 265 F. 736, and in other cases cited, all the petitions were filed before an adjudication was had upon any of them. In Re United Button Co. (D. C.) 132 F. 378, Judge Thomas held that, even in such cases, where one court having jurisdiction has proceeded to adjudication, another cannot do so.

But in the case at bar it is not necessary to go so far, for here the second petition was not filed until after the adjudication and qualification of the trustee. By the adjudication here made the status of the corporation as a bankrupt was fixed and established. Gratiot State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587; Myers v. Trust Co., 263 U. S. 64, 73, 44 S. Ct. 86, 68 L. Ed. 165. That status could not be affected, either by the dismissal of the petition filed in North Carolina or by there carrying the proceedings to an adjudication. Moreover, the title of the bankrupt to its nonexempt property passed from the bankrupt to the trustee here chosen upon his appointment and qualification (Bankruptcy Act., § 70 [Comp. St. § 9654]), thus leaving no property, save that after-acquired, of which there is no suggestion, upon or with respect to which the court in North Carolina could exercise original jurisdiction. Nor is it shown that there are creditors of the bankrupt whose debts have arisen subsequent to the filing of the petition in this district. See Stolzenbach v. Penn-American Gas Coal Co., supra.

Since the court in North Carolina was without power by its decree to affect the status of the corporation, or to bring effectively within its grasp the property which had passed by operation of law from the corporation to the trustee in bankruptcy, here chosen and qualified before the petition was there filed, it would seem obvious that the power essential to the existence and exercise of original jurisdiction was wholly wanting. The power conferred by the statute to make

an adjudication and to pass title to the trustee had been exercised, and by its exercise exhausted. With respect to these matters the statute had become functus officio.

In view of this conclusion, the petition must be dismissed.