## INTERNATIONAL HARVESTER CO. v. MISSISSIPPI LAND CO.

District Court, D. Minnesota, Third Division. April 10, 1928.

Judgment ⊙⟹588—Judgment at law construing mining lease tax covenant held not bar to subsequent suit in equity to reform such covenant.

The judgment in an action at law construing tax covenant of a mining lease *held* not a bar to a subsequent suit in equity between the same parties to reform the lease on the ground that such provision was not in accordance with their intention, which question was not in issue or determined in the law action.

In Equity. Suit by the International Harvester Company against the Mississippi Land Company. On pleas set up in answer. Overruled.

George W. Morgan and Cleon Headley, both of St. Paul, Minn., and Victor A. Remy, of Chicago, Ill., for complainant.

Clapp, Richardson, Elmquist, Briggs & Macartney, of St. Paul, Minn., for defendant.

JOHN B. SANBORN, District Judge. This cause came on to be heard by the court in chambers in the city of St. Paul, on the 21st day of January, 1928, upon the pleas set up in the answer of the defendant, in the nature of pleas in abatement and in bar.

The suit is in equity for the reformation of a mining lease, and more particularly of the tax covenant therein, the defendant being the lessor and the complainant lessee.

Two questions are submitted for decision:

(1) Does the bill of complaint state a cause of action?

(2) Is the action barred by reason of a judgment of a state court in favor of the defendant, determining in effect that, under the tax covenant of the lease in question, the complainant is liable to pay the tax imposed by the laws of Minnesota upon royalties received from the mining of iron ore?

Viewing the facts stated in the complaint, together with all inferences which might

properly be drawn from them, in the light most favorable to the complainant, I think it cannot be said that no cause of action is stated. The theory of the defendant is that the bill fails to state that there was any communicated intention or understanding of the parties that the complainant should not pay this tax. It seems to me, however, that the bill does state that the tax covenant, as it has now been construed by the state court, was contrary to what the parties mutually intended, and that it sufficiently appears that the complainant's contention is that the tax covenant was so drawn as to include taxes that neither party contemplated the lessee should pay, and that thus the contract gave to the lessor an advantage which it was not intended that it should have.

As a practical matter, I see no reason why the question as to whether the tax covenant, as contained in the lease, did or did not express the actual agreement of the parties, cannot as well be tried out upon this bill of complaint as upon any other.

The answer to the second question depends entirely upon the application of the rule as stated in Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, quoted in Myers v. International Trust Co., 263 U. S. 64, 70, 44 S. Ct. 86, 87 (68 L. Ed. 165):

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * 'But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.' "

It seems clear that a suit at law upon a contract and an action in equity to reform the same contract are distinct causes of action. Therefore the judgment of the state court can only estop the complainant as to matters in issue or points controverted in the action in that court. The issue in that action was not as to the existence of the lease or the tax covenant, but solely as to whether the tax covenant required the payment of certain accrued royalty taxes by the lessee. The state court was never called upon to decide whether the tax covenant was so worded as to carry into effect the understanding upon which the minds of the parties had met with reference to the payment of taxes, and that question was never injected into the case. It is true that it might have been, and, in a second suit upon the same claim or demand, the complainant would be estopped in any court, by this judgment, to raise that or any other matter which might have been offered as a defense.

I am satisfied that the judgment upon the claim of the complainant, that the tax covenant of the lease did not require it to pay royalty taxes, is not a bar to its right to have determined, by a court of equity, the question as to whether the tax covenant, as so construed, was contrary to the intention and understanding of the parties to the lease. Northern Assurance Co. v. Grand View Building Association, 203 U. S. 106, 107, 27 S. Ct. 27, 51 L. Ed. 109.

The pleas of the defendant referred to are overruled.