## BOWE–BURKE MINING CO. et al. v. WILLCUTS, Collector of Internal Revenue.
### No. 1762.

District Court, D. Minnesota, Third Division.
Dec. 12, 1930.

Robert M. Works, of Minneapolis, Minn., for plaintiffs.

Lewis L. Drill, U. S. Atty., of St. Paul, Minn., and M. W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, of St. Paul, Minn., for defendants.

SANBORN, District Judge.

This cause came on to be tried before Judge Cant on the 16th day of December, 1929. Owing to the indisposition of Judge Cant, counsel in this case have very considerately consented that it be decided by me upon the record and briefs heretofore filed.

This suit is brought by the same plaintiffs against the same defendant, to recover the same taxes as in a former suit in this court, No. 1574 Law, 22 F.(2d) 204. In the former case, the judgment was in favor of the defendant. Grounds for recovery of the tax asserted in this case are different; namely, that the profits taxed were not profits of an individual, partnership, or corporation, and that the statute of limitations had run against a portion of the total taxes sought to be recovered at the time it was collected.

It seems clear that this action is barred by the former judgment, as claimed by the defendant. "It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Myers v. International Trust Co., 263 U. S. 64, 70, 44 S. Ct. 86, 68 L. Ed. 165.

"A party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." Stark v. Starr, 94 U. S. 477, 485, 24 L. Ed. 276; Werlein v. New Orleans, 177 U. S. 390, 398, 400, 20 S. Ct. 682, 44 L. Ed. 817; Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069.

The defendant, on the trial, failed to introduce in evidence the files and records in the former case, and thereafter made a motion to reopen for that purpose. I have granted the motion, but, even without it, this court will take judicial notice of its own records. In St. Louis-San Francisco R. Co. v. Byrnes, 24 F.(2d) 66, 69, Judge Kenyon, for the Circuit Court of Appeals, said: "The District Court could take judicial notice of its own records, and in so doing would have full knowledge of the original suit." Wilson v. Calculagraph Co. (C. C. A.) 153 F. 961; The Golden Gate (C. C. A.) 286 F. 105.

It is here claimed, however, that the plaintiffs were precluded by the court in the former suit from raising the question that the profits taxed were those of joint adventurers, because the plaintiffs had not filed a claim for refund on that ground. The records show only that that question was not specifically set forth in the pleadings or considered by the court. Assuming, for the purpose of this decision, that that question could not have been presented in the prior litigation, my opinion is that the evidence does not sustain the plaintiffs' contention. The contract between the plaintiff Bowe-Burke Mining Company and Pickands, Mather & Co. was one whereby the mining company secured Pickands, Mather & Co. to finance the operation of the mine, upon which the former company held a lease, to render services, and to market the ore produced, in consideration of 50 per cent. of the net profits. Under the contract, losses were to be borne equally, if there were losses. The title to the mining lease and to the ore in the ground remained in the mining company. The title to the ore when delivered to Pickands, Mather & Co. passed to that company. The contract was essentially one whereby the mining company secured finances and a purchaser for its ore, not upon a basis of fixed compensation, but upon a contingent basis. The agreement did

not constitute the two corporations partners, nor did it make them joint adventurers. Each retained its identity with respect to its dealings with the other. The mining company had certain definite obligations to perform and expenses to pay, and so did Pickands, Mather & Co. The mining company operated the mine; the other company took and sold the ore. The joint account was obviously to secure such advances as might be made by Pickands, Mather & Co. under the contract. If the mining company had been able to finance its own operations, but had contracted with Pickands, Mather & Co. to take the entire output of its mine on the basis of fifty per cent. of the entire net profits, the situation would have been, in substance, the same.

The profits accruing to a corporation by virtue of such a contract are none the less taxable because it procures its finances and the sale of its ore in the manner disclosed.

For the foregoing reasons, I find generally in favor of the defendant, that he is entitled to judgment for a dismissal of this action, and for his costs and disbursements.