MEIER CREDIT COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, TRADING AS "MICHAELS," PLAINTIFF-RESPONDENT, v. FERDINAND JAMES YEO, DEFENDANT-APPELLANT.

Argued October 7, 1941—Decided December 19, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Murray Greiman.*

For the respondent, *Besson & Applegate* (*John B. Applegate,* of counsel).

The opinion of the court was delivered by

COLIE, J. Appellant, Ferdinand M. Yeo, appeals from a judgment entered against him in favor of Meier Credit Company, the respondent, for $243.72.

The state of demand alleges that Meier Credit Company was in the business of selling merchandise on credit; that on ten separate occasions between March 23d, 1937, and August 22d, 1938, the defendant requested the Credit Company to sell to him on credit; that on each such occasion it asked of him and he gave a written statement bearing upon his financial position, in which he stated, contrary to the fact, that he had "no accounts elsewhere;" that said statements were fraudulently given to induce an extension of credit; that the Credit Company, not knowing the statements to be false, delivered merchandise and extended credit upon which there was an unpaid balance of $248.19. At the trial, the unpaid balance was proved to be $228.69 by reason of the

failure of the Credit Company's proof as to purchases made on two of the dates set forth in the demand.

The substantial issue involved was whether the debt sued for had been discharged by an order in a prior bankruptcy of appellant. In the bankruptcy proceeding plaintiff herein filed objections to discharge which, on motion of the alleged bankrupt, were struck as "vague and indefinite," and the bankrupt discharged. It is settled that, until reversed, the judgment of a competent court is final and conclusive between the parties, not only as to matters offered and received in evidence to sustain or defeat the claim asserted, but as to any other admissible matter which might have been offered for that purpose. *In re Leupp,* 108 *N. J. Eq.* 49. The facts as to fraudulent representations, which were the foundation of the plaintiff's demand in the District Court, could have been determined in the bankrutpcy court had they been properly presented. The present plaintiff and objecting creditor in the bankruptcy proceeding had its opportunity to present them but failed to do so. In *Myers* v. *International Trust,* 263 *U. S.* 64; 68 *L. Ed.* 165, in dealing with a situation that, for practical purposes, is on all fours with the present case, the United States Supreme Court held that the issue of the falsity of certain credit statements before the bankruptcy court was the same issue in the suit there under consideration and was *res judicata.*

The judgment of the Hoboken District Court is reversed, with costs.