### In the Matter of EDW. K. TRYON COMPANY, Debtor.
### No. 28789.

United States District Court
E. D. Pennsylvania.
March 26, 1968.

---

---

Norman R. Bradley, Philadelphia, Pa., for claimants.

Roland J. Christy, Philadelphia, Pa., for debtor.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of debtor's petition for review of an order entered October 3, 1966, by Referee Goldhaber allowing the claim of Henry Lewis Appleton, Marie Todd Appleton and Margaret V. Murta, as a general claim.

Claimants or their assignors were lessors, and Murta, Appleton Co. was lessee, of a written lease dated April 10, 1947, as modified by a Supplemental Agreement dated April 1, 1950. By agreement dated April 10, 1950, Edw. K. Tryon Company, the present debtor, subordinated its rights to those of the Fidelity-Philadelphia Trust Company to any distributions payable on account of a $141,292.93 debt owed to Edw. K. Tryon Company by Murta, Appleton Co. Although dated April 1, 1950, there was executed, subsequent to the Fidelity subordination agreement, an agreement whereby Edw. K. Tryon Company subordinated its rights to the extent of any distributions payable on account of the same $141,292.93 debt to any and all rent claims of the present claimants or their assignors. However, this agreement did not preclude payments to Edw. K. Tryon Company on account of said indebtedness. But "to the extent of any payments hereafter made on account of said indebtedness by or on behalf of Murta, Appleton Co. and received by Edw. K. Tryon Company, *its successors or assigns*, and not otherwise", Edw. K. Tryon Company unconditionally guaranteed payment to claimants or their assignors of "any and all obligations by way of rental" of Murta, Appleton Co. (Emphasis supplied.)

On December 27, 1961, Murta, Appleton Co. filed a voluntary petition in bankruptcy in this Court, Bankruptcy Cause No. 27105, wherein the present claimants filed a rent claim which after distribution in that proceeding left a balance of $8,352.70. In that same proceeding, $16,476.84 was ordered to be paid to the Fidelity-Philadelphia Trust Bank as assignee of Edw. K. Tryon Company's interest pursuant to the aforementioned subordination agreement. Thereafter, Edw. K. Tryon Company instituted the present proceedings for an Arrangement under Chapter XI of the Bankruptcy Act. Based upon the guarantee clause of the second agreement, a claim was filed in these Chapter XI proceedings by the present claimants for the unpaid balance of their claim that was filed in the Murta, Appleton Co. bankruptcy proceedings. The Referee allowed

the claim,[1] and the debtor has petitioned this Court for review.

The claimants take the position that pursuant to the first subordination agreement, $16,476.84 was paid to the Fidelity-Philadelphia Trust Company as assignee of Edw. K. Tryon Company's interest; that this is a payment made on account of the subordinated debt "by or on behalf of Murta, Appleton Co. and received by Edw. K. Tryon Company, *its successors or assigns*, and not otherwise", (emphasis supplied); and that since their claim does not exceed the amount paid under the first subordination agreement, the guarantee clause of the second agreement entitles them to full payment. Furthermore, so argue the claimants, this issue was decided by the Referee in the Murta, Appleton Co. bankruptcy proceedings adverse to the contentions of the debtor and since the final order of distribution in that proceeding was reviewed and approved by this Court and the Third Circuit Court of Appeals, this issue is now *res judicata*. The debtor contends that the words, "its successors or assigns" is prospective only and since the first subordination agreement was executed prior to the guarantee clause of the second agreement any payments made pursuant thereto would not thereby give the present claimants any right to payment based upon the guarantee clause. Furthermore, so argues the debtor, this issue was not decided in the Murta, Appleton Co. bankruptcy proceedings.

 In the bankruptcy proceedings involving Murta, Appleton Co., appearances were entered and claims were filed by present claimants, Fidelity Trust Company and Edw. K. Tryon Company. A hearing was subsequently held before the Referee at which all claimants were represented by counsel, following which this order was entered:

"AND NOW, December 11, 1962, it is ORDERED that any dividend payable to Tryon shall be paid to Fidelity to the extent that the dividend paid Fidelity on its own claim plus the amount paid on the Tryon claim shall pay in full the Fidelity claim; in the event there shall be any excess of the Tryon dividend it shall be applied to the Murta claim to the extent that the Murta dividend plus the amount paid by the Tryon dividend shall pay in full the Murta claim; and in the event there is still a balance of the Tryon dividend, said balance shall be paid to Tryon."

The order was subsequently amended by the following addendum:

"Jan. 9, 1963

"Addendum: It appears that the claim filed by Tryon is in the sum of $208,482.36. It is correct, however, that only $145,283.97 is the subject of the several subordination agreements. Accordingly, the dividend on the difference, to wit, $63,198.29, is payable to Tryon".

In ordering that "any dividend payable to Tryon shall be paid to Fidelity to the extent that the dividend paid Fidelity on its own claim plus the amount paid on the Tryon claim shall pay in full the Fidelity claim", the Referee was only concerned with the first subordination agreement. In ordering that "in the event there shall be any excess of the Tryon dividend it shall be applied to the Murta claim (present claimants) to the extent that the Murta dividend, plus the amount paid by the Tryon dividend, shall pay in full the Murta claim", the Referee adjudicated the rights of the parties under the second agreement only insofar as they related to the subordination clause. He was not concerned with the liability of Edw. K. Tryon Company under the guarantee clause because that bankruptcy proceeding involved the rights of the parties to distributions to be made by Murta, Appleton Co., the bankrupt, and not the rights of the present claimants against Edw. K. Tryon

---

1. "And Now, to wit, October 3, 1966, the claim of Henry Lewis Appleton, Marie Todd Appleton and Margaret V. Murta, (being claim #838) is allowed in the amount of $8,352.70 as a general claim as filed".

Company under the guarantee clause. Unlike the case of Myers et al. v. International Trust Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165 (1923), relied upon by claimants, the Referee did not adjudicate the rights and liabilities of the parties under the guarantee clause of the second agreement which is presently at issue. Consequently, the review and approval of the Referee's final order of distribution in the Murta, Appleton Co. bankruptcy proceedings by this Court and the Third Circuit Court of Appeals is not *res judicata* as to this issue.

■ On the merits, the debtor takes the position that the words "successors or assigns" refer only to future successors or assigns.[2] It may well be that in deeds or lease agreements the words "successors or assigns" refer only to the future. This is necessarily so when the successor or assign clause relates to the same interest being conveyed or leased for the simple reason that one cannot have successors or assigns of an interest until one possesses that interest. However, there is nothing inherent in the term "successors or assigns" which would preclude its referring to past successors or assigns. The guarantee clause embraces payments "received by Edw. K. Tryon Company, its successors and assigns, and not otherwise."[3] It in no way limits itself to a prospective application and debtor has furnished us with no good reason why it should be so limited. We have no alternative but to construe that clause in accordance with its express terms and the apparent intent of the parties. We affirm the Referee's order.

2. The debtor's counsel cites no authority for that proposition in his brief and on oral argument suggested that the Court look at Fletcher on Corporations, Vol. 15, Chap. 62, Sec. 7203, p. 389, and West Publishing Company's "Words & Phrases". The Court has heeded the suggestion of debtor's counsel, but has found no authority to support the proposition he is urging.

3. Upon close examination, the "successors or assigns" clause contained in the agree-

ment upon which the present claim is based is susceptible to two possible interpretations. It may refer to "successors or assigns" of Edw. K. Tryon Company as a business; or it may refer to "successors or assigns" of the claim previously held by Edw. K. Tryon Company against Murta, Appleton Co. Counsel for both parties have proceeded on the assumption that the latter and not the former interpretation is proper and this Court is acting accordingly.