In re James Douglas COREY, aka J. Douglas Corey, Bankrupt.

Charles R. ADAMS, Trustee, Plaintiff,

v.

CREDIT MANAGEMENT ASSOCIATION OF CENTRAL AND NORTHEASTERN OHIO, Defendant.

No. B 75–703.

United States District Court, N. D. Ohio, E. D.

July 25, 1977.

Ronald M. Rubenstein, Cleveland, Ohio, for plaintiff.

Robert S. Balantzow, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

### INTRODUCTION

The above captioned matter is before this Court on appeal from the decision of the Bankruptcy Judge granting summary judgment in favor of the defendant on the basis that prior determinations regarding ownership of the fees that are the basis of this action are controlling as to the issue of legal ownership of the fees.

### FACTS

Charles R. Adams, Trustee, commenced this action against defendant to recover certain fees allegedly earned by James Douglas Corey, bankrupt, as fiduciary in bankruptcy matters.

Mr. Corey served as the defendant's executive vice president and secretary, and defendant, being a nonprofit corporation whose corporate charter did not permit it to act in a fiduciary capacity, caused Mr. Corey's election as fiduciary in numerous matters. An agreement between Mr. Corey and defendant provided that all fees earned by Mr. Corey in a fiduciary capacity were to be paid over to defendant. Defendant, in turn, paid Mr. Corey a salary for his services.

In August, 1972, defendant terminated the services of Mr. Corey and, in 1973, filed a declaratory judgment action against Mr. Corey in the Court of Common Pleas of Cuyahoga County, under case number 920,-361, asking the Court to determine whether Mr. Corey or the defendant was owner of the fiduciary fees paid or to be paid to Mr. Corey. On January 25, 1975, Mr. Corey and defendant entered into a mutual release and caused an agreed judgment entry to be filed in case number 920,361, Court of Common Pleas of Cuyahoga County, wherein it

was found that all fees earned by Mr. Corey, in his fiduciary capacities, were to be paid to defendant, as the employer of Mr. Corey and that Mr. Corey served as trustee-assignee for the benefit of creditors and/or secretary of the creditors' committee solely for the convenience and benefit of defendant.

On April 7, 1975, J. Douglas Corey filed his voluntary petition in bankruptcy.

Charles R. Adams, Trustee, instituted the present action, seeking to recover fees on two distinct and independent grounds: first, on the basis that the contract between Mr. Corey and defendant was void as against public policy, and second, that the payment of fees to defendant was a voidable preference.

The defendant moved for summary judgment on the basis that prior adjudications are controlling and dispositive of the issue of ownership of the contested fees. The Bankruptcy Judge's grant of defendant's motion for summary judgment is the subject of this appeal.

## DISCUSSION

Plaintiff trustee seeks recovery of money on the alternative grounds either of voiding a transfer fraudulent as against creditors or of avoiding a preferential transfer of the Bankrupt's property under Section 60 of the Bankruptcy Act. Each of the two grounds upon which recovery is sought is predicated upon voiding a previous transfer. A transfer is defined within Title 11 of the U.S. Code as follows:

> "Transfer" shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor. 11 U.S.C. § 1(30).

Accordingly, if the bankrupt neither owned nor had any interest in certain property, there could not have been a transfer of that property. Plaintiff cannot challenge as void or voidable a "transfer" which never occurred. *Henkin v. Rockower Bros., Inc.*, 259 F.Supp. 202, 205 (S.D.N.Y.1966).

Thus, a finding of ownership or of interest in the contested fees by the bankrupt is a necessary prerequisite to the exercise of any of the trustee's avoiding powers. There remain no questions of material fact as to ownership of the contested fees. In the Court of Common Pleas of Cuyahoga County, Ohio, the judgment entry filed in civil case number 920361 on May 13, 1975 in the matter of *The Credit Management Association of Central & Northeastern Ohio v. J. Douglas Corey, et al.*, pursuant to agreement of the parties, it was found that the fees in controversy in that action (also the fees that are the subject of the action at bar) were at all times due the Credit Management Association and are the property of the Credit Management Association. Further, in the United States District Court for the Northern District of Ohio, Eastern Division, in an order regarding objections to the qualification of J. Douglas Corey as trustee in bankruptcy action number B 71–149, *In the Matter of: Western Construction, Inc.*, the Bankruptcy Judge, noting no objection had been made as to the propriety of the past services of J. Douglas Corey as a fiduciary in various proceedings, found that Mr. Corey understands that he is to and does surrender all compensation received by him as receiver or trustee in various proceedings directly to the Credit Management Association, and further found that Mr. Corey does not consider such compensation part of his income and receives no benefit from this income.

Should it be found as a matter of law that either or both of the above determinations as to ownership of these fees are res judicata as to the trustee in bankruptcy of James Douglas Corey or collaterally estop the trustee from raising the issue of ownership, then the issue of ownership or interest

in the fees must be determined in favor of defendants. Without ownership by the bankrupt or any interest of the bankrupt in the fees, a transfer would then not have occurred, and the Trustee would be precluded from challenging the transactions involving the contested fees as transfers void against public policy or as transfers constituting voidable illegal preferences.

In the instant case there is substantial identity of litigants to those involved in the prior state action. The prior state action adjudicated the issue of ownership of the contested fees. This issue should not be relitigated between the same parties.

Trustees in ordinary bankruptcy proceedings are bound by the general policy that pre-bankruptcy judgments which adversely bind the bankrupt likewise bind the trustee. *In re deManati*, 357 F.Supp. 1253 (D.Puerto Rico 1972); 1B Moore's Federal Practice, ¶ 0.411[12]. This is so even though the judgment against the bankrupt was a consent judgment, stipulated judgment, judgment by confession or default judgment. See *Hyman v. McLendon*, 140 F.2d 76 (4th Cir. 1944), cert. denied, 322 U.S. 739, 64 S.Ct. 1055, 88 L.Ed. 1572 (1944); *Fox v. McGrath*, 152 F.2d 616 (2d Cir. 1945), cert. denied 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030 (1946); *In re Mercury Eng'r, Inc.*, 68 F.Supp. 376 (S.D.Cal.1946).

Accordingly, the prior state action's determination that the bankrupt had no interest in the contested fees is *res judicata* as to that issue between the litigants in this bankruptcy proceeding. Moreover, the issue of ownership is not inconsistent with but necessarily prefatory to the consideration of issues of the validity of any transfer.[1] The state and federal court determinations that the bankrupt had no interest in the contested fees thus collaterally estops the trustee from raising issues necessarily predicated on a claim of ownership or interest which is in direct conflict with the findings of those courts. See *Myers v. International Trust Co.*, 263 U.S. 64, 73, 44 S.Ct. 86, 68 L.Ed. 165 (1923).

Certainly, in any situation where a pre-bankruptcy judgment is adverse to the bankrupt, the extent to which the trustee and those represented by him, such as creditors, should be concluded by the judgment against the bankrupt must be determined under the facts and circumstances of each action. 1B Moore's Federal Practice ¶ 0.419[3.–6]. In this instance, the application of *res judicata* and collateral estoppel does not lend validity to a creditor's claim against the bankrupt which may be potentially void or voidable under the Bankruptcy Act, but rather lends credence to the principle of judicial finality in applying prior determinations that the bankrupt had no interest in or ownership of the contested fees.

In reviewing the Bankruptcy Judge's ruling granting summary judgment, this District Court must consider whether the Bankruptcy Court's determinations constitute an abuse of discretion, *In the Matter of Colorado Corporation*, 531 F.2d 463 (10th Cir. 1976), or are clearly erroneous. *In re Kirk Kabinets, Inc., also d. b. a. Alco Cabinets Inc.*, 393 F.Supp. 798 (M.D.Ga.1975). The Court finds the decision of the Bankruptcy Judge granting summary judgment was neither clearly erroneous nor an abuse of discretion.

Accordingly, the decision of the Bankruptcy Judge is affirmed.

IT IS SO ORDERED.

---

1. The proposition that this case involves issues not raised in previous litigation and the cases cited by appellant in support of restrained applications of the doctrines of *res judicata* and collateral estoppel where broader federal bankruptcy issues are raised are distinguishable. While the question of ownership or interest in the contested fees is much more narrow than the bankruptcy issues raised, the bankruptcy issues of seeking to declare the passing of the contested fees to the Credit Management Association void as against public policy or voidable as an illegal preference are inherently dependent upon ownership or interest in the property. Absent ownership or interest no transfer occurred, and there is no transfer to be declared void or voidable. Thus, the question of ownership, in and of itself, may be dispositive of all other issues.