In re CHENEY BROS.

No. 16051.

District Court, D. Connecticut.

Oct. 29, 1935.

See, also, 12 F.Supp. 605.

Allin, Tucker· & Allen, of New York City (George L. Allin, of New York City, of counsel), for Madison-Belmont Corporation, landlord.

Robinson, Robinson & Cole of Hartford, Conn., for Cheney Bros., debtor, tenant.

THOMAS, District Judge.

This matter is before the court on debtor's motion to overrule objections filed by a creditor to the special master's report on the motion made by the creditor to vacate an order approving the filing of a petition for corporate reorganization under section 77B of the Bankruptcy Act (11 USCA § 207).

A proper disposition of this motion requires a statement of the chronology herein involved:

**1935**

Apr. 26  Cheney Bros. filed its petition for reorganization under section 77B of the Bankruptcy Act.

Apr. 26  Order entered approving the petition as filed in good faith.

Apr. 26 and 27  Notice served on creditors of the debtor of the filing of the petition and of the holding of a creditors' meeting, on May 20, 1935, to determine whether or not the debtor was to be continued in possession of the estate.

May 20  Creditors' meeting held on said notice, at which the landlord, Madison-Belmont Corporation, appeared and applied for certain relief in relation to its lease with the debtor.

June 13  Landlord received notice of intention of debtor to apply for leave to rescind its lease.

June 24  Hearing held before special master on the application to rescind the lease.

July 11  Adjourned hearing held before the special master on this application.

July 12  Landlord files motion to vacate order approving petition for reorganization, and to dismiss petition. Motion returnable before special master July 15, 1935.

July 15  Hearing on this motion held before the special master.

July 17  Special master makes his report, denying the motion.

July 23  Landlord files objections to confirmation of report.

Aug. 14  Hearing on motion to overrule objections. Matter referred back to special master to take further testimony.

Aug. 14  Further testimony taken before special master and reported back to court.

The application by the Madison-Belmont Corporation to vacate the order approving the filing of the petition for reorganization of Cheney Bros. is based upon allegations to the effect that the filing of such petition was not in good faith. Certain procedural objections interposed by the debtor make it necessary to examine the procedure outlined under section 77B of the Bankruptcy Act.

It will be noted, then, that "any corporation which could become a bankrupt under section 4 [section 22 of this title]" of the Bankruptcy Act can file its petition for reorganization. Bankr. Act, § 77B (a), 11 USCA § 207 (a). No voluntary bankrupt need be insolvent within the meaning of the act of 1898. However, before such corporation may take the benefit of the provisions of section 77B, it is necessary for the petition to recite the following "jurisdictional facts":

The nature of its business; a description of its assets, liabilities, capital stock, and financial condition; if a proceeding is pending, the name of the court in which it is pending and the nature of such proceeding;

facts showing the need for relief; that the corporation is insolvent or unable to meet its debts as they mature, and that it desires to effect a plan of reorganization.

If these jurisdictional facts appear upon the face of the petition, the court is then required to consider the petition and, if it is satisfied that the petition embodies an adequate statement of the jurisdictional facts, and if it is further satisfied that the petition has been filed in good faith, then the court must enter an order approving the petition as properly filed.

It is obvious, then, that the order approving the petition as "properly filed" embodies two types of findings:

First, a conclusion of law to the effect that the petition presents a sufficient statement of jurisdictional facts.

Second, a finding of fact that upon the facts so stated, the court is satisfied that the petition is filed in good faith.

It is then provided that upon approving such a petition, the judge may, after a hearing upon notice to the creditors, temporarily continue the debtor in possession, or appoint a trustee, and direct such debtor or trustee to give notice of an application to make such appointment permanent. The act also provides that if no such order, temporarily continuing the debtor in possession or temporarily appointing a trustee has been made, then the debtor may give not more than thirty days' notice to creditors of an application either for the appointment of a trustee, or to continue the debtor in possession.

These latter provisions are embodied in subdivision (c) (1) of section 77B (11 US CA § 207 (c) (1).

It is also provided in the act (section 77B (a), 11 USCA § 207 (a) that if three or more creditors who have provable claims against the debtor which aggregate in excess of the value of the securities held by them, if any, to $1,000 or over, or if stockholders holding 5 per cent. of the stock of any class of the debtor shall, prior to the hearing provided for in subdivision (c) (1), "appear and controvert the facts alleged in the petition or answer, the judge shall determine as soon as may be the issues presented by the pleadings, without the intervention of a jury, and unless the material allegations of the petition or answer are sustained by the proofs, the proceedings shall be dismissed."

The procedural steps outlined in section 77B are not placed in logical sequence; nor is the language of the act as clear as it might be. But I deduce therefrom the following rules relevant to the controversy now before me:

■ 1. The order approving the filing of a petition for reorganization under section 77B is a judicial determination of law and fact, regardless of the fact that it is made ex parte.

■ 2. Where a debtor files such petition, it is open to three or more creditors, whose claims above their securities aggregate $1,000 or more, to appear in the proceedings and file an answer to the petition, controverting "the facts alleged in the petition."

3. Such answer must be filed prior to a hearing held upon an application either to continue the debtor in possession or to appoint permanent trustees.

■ 4. The answer of the intervening creditors is limited to denials of any facts set up in the petition for reorganization, or to the assertion of any new matter, the effect of which is to constitute a denial of the facts alleged in the petition.

■ 5. If such denials of material facts in the petition are properly made, then it becomes the duty of the court to hold a summary hearing thereon, at which hearing the duty devolves upon the debtor to sustain the material allegations of its petition by proof.

Applying these rules to the matter in hand, I find that the motion made by the Madison-Belmont Corporation must be denied for the following reasons:

1. It is made by one creditor, and not by three or more, as required by the act.

2. The creditor did not appear and controvert the facts alleged in the petition prior to the hearing on the debtor's application to continue the debtor in possession.

3. The creditor's motion does not controvert the facts alleged in the debtor's petition, but sets up affirmatively facts dehors the record embodied in the petition, upon which is predicated a claim that the petition was not filed in good faith.

■ It will be noted that section 77B does not provide for a case where an intervening creditor may appear and set up affirmative defenses to the petition. I have no opinion on the question as to whether this was or was not an intentional omission.

As I construe the act, however, a creditor seeking to dismiss a petition for reorganization and to vacate an order approving the filing of the same has only one of two courses open to him: He may move to dismiss for lack of jurisdiction appearing on the face of the record; or he may join with two other creditors and traverse any allegations, jurisdictional or otherwise, contained in the petition; and upon such traverse the onus of establishing the truth thereof lies upon the debtor.

The first application may be made, of course, at any time during the proceedings by any party in interest—regardless of the size of his claim. The second may not be made after a hearing has been had on an application for the appointment of a permanent trustee or on an application to continue the debtor in possession; and can be made only by three or more creditors upon what in effect constitutes an answer to the petition for reorganization denying one or more material allegations therein set forth.

This disposition makes it unnecessary to consider certain other questions raised herein, except, perhaps, the contention that on May 20, 1935, the day when the hearing under subdivision (c) (1) was had, the Madison-Belmont Corporation was not a creditor. There is no basis for ·this contention. May rent had not been paid, it was due and payable on the first day of the month, and on May 20, 1935, the landlord had been a creditor for twenty days. Apart from this, however, I am of the opinion that a landlord whose debtor is in possession under the unexpired term of a lease is a creditor within the meaning of section 77B.

Nor can I approve the procedure adopted on this application. It is true that under subdivision (c) (11) of section 77B of the act (11 USCA § 207 (c) (11), the court may "refer any matters to a special master, who may be one of the referees in bankruptcy, for consideration and report, either generally or upon specified issues."

Whatever general authority the master had in the premises he obviously derived from such order of reference as this court made, but a challenge to the jurisdiction of this court to make such order of reference was hardly a matter which could have been addressed to the master in the first instance.

The creditor should have filed his pleading in the office of the clerk of this court, and he should then have made his application upon the pleadings for an order vacating the order of approval and dismissing the petition. Such motion should have been addressed, in the first instance, to the court, which then could have determined whether it would hear the evidence summarily, or refer the matter to the master for hearing and report.

The objections to the master's report are overruled, and the motion to vacate the order approving the filing of the petition for reorganization and to dismiss such petition is denied. Submit order accordingly properly consented to as to form.