**Edna M. Braun, Plaintiff-Appellant, v. Herman Grethel and Joseph P. Schneider, Defendants-Appellees.**

**Gen. No. 48,742.**

First District, Second Division.
May 29, 1963.
Rehearing denied June 27, 1963.

Hoellen, Willens & Manilow, of Chicago (John J. Hoellen and Floyd B. Manilow, of counsel), for appellant.

Immel & Doucette, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

Plaintiff appeals from an order of the Superior Court sustaining defendant Grethel's motion to strike plaintiff's complaint for declaratory judgment for want of equity, and dismissing the complaint.

Plaintiff is the owner of securities issued by the Grinnell Texas Company which she received as a gift from her mother Albertine Ludwig. Plaintiff alleged that the Grinnell Texas Company is an entity which exists by virtue of an instrument entitled Agreement and Declaration of Trust of the Grinnell Texas Company; that its main assets are 2200 acres of vacant land situated in Texas; that defendants Herman Grethel and Joseph P. Schneider claim to be trustees of the company by virtue of the terms of the Agreement and the Declaration of Trust; that they conduct their business from Chicago, Illinois; that plaintiff is entitled to six per cent annual cumulative dividends but has received none, and that none has been paid since 1916. She asked that the court declare "rights and other legal relationship to the Plaintiff and Defendants in the Grinnell Texas Company, and to the land owned" by it. She further asked that the court declare that the relationship is governed by the law of the State of Texas; that the Grinnell Texas Company is a copartnership; and that defendants occupy the position of managers and not trustees. She also asked, in the event the company was declared to be a partnership and found to be governed by the law of Texas, that the court direct defendants to account to plaintiff and to pay her her pro-rata share of all income. Service of summons was had upon Grethel; Schneider was not served, and no appearance has been filed in his behalf.

Grethel moved to strike and dismiss the complaint, contending that Albertine Ludwig, predecessor in title of plaintiff, was a party to a bankruptcy proceeding filed in 1934 under section 77B of the Federal Bankruptcy Act (11 USC § 207); that the finding by the

bankruptcy court that it had jurisdiction under section 77B was a finding that the Grinnell Texas Company was not a partnership, which is determinative of the status of the Grinnell Texas Company and of the issues in the instant case. Defendant supported his motion with an affidavit and certified copies of the bankruptcy court proceeding, and these copies showed that he and Albertine Ludwig were parties to the proceeding.

Only a corporation as defined by section 4 of the Bankruptcy Act then in force (1934) was eligible to file for reorganization under section 77B. Individuals and general partnerships had to seek relief under another section of the Bankruptcy Act (11 USC § 204). It appears that on December 4, 1934 a petition for reorganization was filed in the United States District Court for the Southern District of Iowa under section 77B of the Bankruptcy Act, and on the same day the court entered an order finding that the petition was properly filed in conformity with said section 77B. Plaintiff's donor, who was a bondholder of the Grinnell Texas Company when the petition for reorganization was filed, consented, along with other bondholders, to an extension of time for payment to the bondholders. Plaintiff contends that the order entered by the bankruptcy court is not binding on her because she had no right to participate in that aspect of the bankruptcy action wherein the court found that the Grinnell Texas Company was a corporation within the definition of the Bankruptcy Act giving the company the right to petition for reorganization. Her counsel argue that the averments requisite to confer jurisdiction upon the court pursuant to section 77B were determined as an ex parte matter, and that the jurisdictional facts alleged in the petition could not have been controverted except by three or more creditors the value of whose securities aggregated in excess of $1000 or by stockholders holding in excess of five

per cent of the shares of stock of classes of the debtor outstanding. In other words, she contends that her mother, as donor of the securities that plaintiff now holds, had a right to participate in the bankruptcy action only as a creditor, and was limited to approving or contesting the appointment of a trustee in bankruptcy and to being heard on the proposed plan of reorganization. The effect of the court's order in the instant case was a holding that plaintiff is estopped from challenging the status of the Grinnell Texas Company by reason of the participation of her predecessor in title in the bankruptcy proceeding wherein the court held that it had jurisdiction under section 77B for reorganization of the company.

In In re Cheney Bros., 12 F Supp 609 (DC Conn, 1935), cited by plaintiff, the court held (p 611) that an order approving the filing of a petition for reorganization under section 77B is a judicial determination of law and fact, regardless of the fact that it is made ex parte. In In re North Kenmore Bldg. Corp., 81 F2d 656 (7th Cir, 1936), the court, emphasizing the necessity of bona fide compliance with the appropriate bankruptcy section, said (p 657):

> "When Congress enacted section 74 (11 USCA § 202) to apply to individuals and sections 77A and 77B (11 USCA §§ 206, 207) to apply to corporations in similar circumstances, it was certainly not contemplated that individuals might clothe themselves in corporate garments for the purpose of taking advantage of the statutes appertaining thereto if, in financial extremis, the law respecting corporations seemed to afford greater advantages. Had that been the legislative intent, one statute might well have been made to serve the double purpose. . . . ."

In addition to the rights accorded creditors and admitted by plaintiff, the Bankruptcy Act also permitted

any creditor to file an intervening petition for the consideration of the court. Section 77B(c) of the act (11 USC § 207(c)) states in part:

"Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine."

■■ The law is well settled that a party and her privy are bound by a prior adjudication between the same parties as to matters that might properly have been raised, as well as actions that were actually determined. We think that the common law business trust composition of the Grinnell Texas Company was adjudicated in the prior proceeding; plaintiff's privy participated in the proceeding but declined to contest the composition of the debtor, despite an opportunity to do so. The fact that plaintiff's donor was a party to and participated in the prior bankruptcy proceeding was not disputed. In the original proceeding before the bankruptcy court, the debtor, Grinnell Texas Company, set forth its status as a common law business trust and expressly disclaimed its being an entity specifically excluded from section 77B relief. The order of adjudication found, inter alia, that the aforesaid petition was filed in conformity with section 77B. Although it was an ex parte order, the adjudication was never disturbed, and the proceeding thereafter concluded with the entry of a final decree. As stated by Mr. Chief Justice Taft in Myers v. International Co., 263 US 64, 73 (1923):

"An adjudication of bankruptcy, or of discharge therefrom, is a judgment in rem and is binding on, and res judicata as to, all the world, only in respect of the status of the bankrupt,

351

and is not conclusive as to the findings of fact or subsidiary questions of law on which it is based except as between parties to the proceedings or privies thereto. . . . ."

Defendant's affidavit and the records of the bankruptcy proceeding disclose that plaintiff's privy, as a party in interest, participated in the bankruptcy proceeding, and plaintiff is therefore bound by the adjudication of the bankruptcy court as to the nature of the Grinnell Texas Company; accordingly she is estopped from asserting a composition contra to that adjudicated between the same legal parties in a prior action.

For the reasons indicated, the final order entered by the Superior Court is affirmed.

Order affirmed.

BRYANT, PJ and BURKE, J, concur.