## LICHTENBERGER FERGUSON CO. v. WELCH, Collector of Internal Revenue.

### No. 3568–M.

District Court, S. D. California, Central Division.

April 7, 1936.

W. W. Wallace and J. Wiseman Macdonald, both of Los Angeles, Cal., and Charles F. Hutchins, of Pasadena, Cal., for plaintiff.

Peirson M. Hall, U. S. Atty., Alva C. Baird, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., for Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

Plaintiff corporation brought this action to recover $8,406.47 alleged to have been unlawfully assessed and collected by defendant as income taxes for the year 1919. The case is here a second time. In the former trial, findings and judgment were entered in favor of plaintiff for the amount demanded, this court holding with plaintiff's contention that the amount was taxable as 1920 income. Upon appeal, the decision was reversed, and the collector's de- termination was upheld. See Lichtenberger-Ferguson Co. v. Welch (C.C.A. 9) 54 F. (2d) 570, 572.

It is claimed that notwithstanding the clear import of the decision of the appellate court that the money in suit was properly assessed and collected as income taxes for the year 1919, the plaintiff taxpayer can now be heard to assert in this case that the court above was wrong and that this court should find and hold that the amount involved is income for the year 1918. This contention is based upon plaintiff's statement that the facts now presented are different from those urged and considered in the former trial and on the appeal. In my opinion, there is no substantial change as far as any material or pertinent matters are concerned.

The crucial issue as to whether or not the collector erroneously included an amount of $10,011.63 paid to plaintiff in 1920, as taxable in the year 1919, under the "accrual" method of accounting, was fully and completely presented, litigated, and determined in both former hearings, and the positive and final decision was that the sum of money involved was taxable in no year but 1919.

But, conceding arguendo that plaintiff has the right to urge now that the money should be regarded as income for the year 1918, I think the facts shown by the agreed statement on file and the oral testimony produced at the retrial demonstrate that under the law declared by the Circuit Court of Appeals in the case at bar the plaintiff cannot prevail. While the claims for compensatory adjustment by reason of increased labor costs in performing the government contract, as well as the payments of the wages, were all made in the year 1918, the vital and essential event necessary to the "accrual" of the claims against the War Department did not occur in 1918 or in 1920, but happened in August, 1919, when, as shown by Plaintiff's Exhibit 13, the claim was definitely approved by authority of the Secretary of War.

There is no basis whatever under the mandate of the appellate court for this court to hold that the collector should have determined the adjusted claim to have been income for any year other than 1919. Judge James in the opinion succinctly stated that "Under the accrual system of accounting, where an item is definitely ascertained as to its amount, and acknowledged to be due, it has 'accrued.'" The times of disburse-

ments or of bookkeeping entries in the books of plaintiff company, or of the payment of the claim by the War Department, are not the test by which this court is to determine when the item in question "accrued." It is the acknowledgment of the claim and the allowance of it in August, 1919, that constitute the "accrual" of the claim for income tax purposes under the applicable Revenue Acts of the United States.

The Court of Appeals has so declared in its decision as follows: "But the adjustment in August, 1919, was a final adjustment * * * and the taxpayer could not by any form of entry on its books change the item from its then accrued form."

Every event necessary and essential in the process from which liability became fixed happened not prior or subsequent to 1919, but entirely during that calendar year. The amount of the liability remained contingent upon future happenings throughout the year 1918; and it was not until this amount was ascertained in August, 1919, that it accrued for income tax considerations.

■ Aside from the reasons just advanced why plaintiff is not entitled to judgment in this case, the defense of estoppel invoked by the collector has been established.

If the claim of the plaintiff, made at this late date, that the amount of $10,011.63 is taxable income for the year 1918 is sustained, it enables the taxpayer to obtain an inequitable advantage by avoiding a tax upon its income which it should have paid in some year. It must be conceded that the amount of the adjustment was taxable income under revenue laws of the United States. The statute of limitations has now barred any collection of the tax upon income of the year 1918.

This condition has been caused by plaintiff in making its returns, presenting its claims and demands, and prosecuting its case here and before the appellate court upon the ground that the amount was income for the year 1920. By this action it persuaded and induced the collector to assume the position that now redounds to the inequity of the government if the plaintiff's belated contention is upheld. This in good conscience it should not be permitted to do. Bowe-Burke Mining Co. v. Willcuts, Collector (D.C.) 45 F.(2d) 394.

Findings and judgment are ordered for defendant, with costs, in accordance with the views expressed herein.